773 P.2d 655

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Eugene LEE,
Defendant–Appellant.**

**No. 17680.**

Court of Appeals of Idaho.

May 5, 1989.

Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal taken by Larry Eugene Lee from an order revoking Lee's probation on a suspended sentence for assault with intent to commit a serious felony. Upon revoking Lee's probation, the district court ordered into execution a five-year indeterminate sentence that had been suspended while Lee was on probation. Lee raises two issues. First, he asserts the court failed to consider the criteria set forth in I.C. § 19–2521 in deciding to revoke Lee's probation and requiring service of the previously suspended sentence. Second, he contends that the sentence imposed by the court was unduly harsh and amounted to an abuse of discretion. Subsumed into this latter issue is the propriety of a denial by the court of Lee's request to reduce the sentence under I.C.R. 35, upon revocation of his probation. We affirm the

order revoking probation and executing the five-year sentence.

The record discloses that Larry Lee was placed on probation on August 12, 1985, under a suspended five-year indeterminate sentence for assault with intent to commit a serious felony (rape). While on probation for that offense, Lee was convicted in February, 1987, of issuing an insufficient funds check. Lee received an indeterminate sentence of three years for the latter offense, to be served consecutive to the sentence on the assault charge. Lee's probation on the assault conviction was revoked, and he was committed to the custody of the Board of Correction to serve both sentences. However, the court retained jurisdiction under I.C. § 19–2601(4). At the expiration of the period of retained jurisdiction, the balance of each sentence was suspended and Lee was again placed on probation by the district court. Before the probationary period ordered by the court had expired, Lee was again found to be in violation of the terms of his probation. The court revoked Lee's probation on both convictions and again committed Lee to the Board of Correction. This appeal was undertaken by Lee only from the order revoking probation on the assault conviction.

I

Preliminarily, we note that, although Lee argues on appeal that the district court abused its discretion in imposing an "eight-year" sentence, we are presented only with the appeal from the order revoking probation on the assault case in which the five-year sentence was imposed. No appeal apparently was taken from the separate order in the case involving the insufficient funds check, which order revoked the probation in that case and committed Lee to the custody of the Board to serve the consecutive three-year sentence imposed on that conviction. Thus, while the revocation of probation in both cases resulted in commitment of Lee to the custody of the Board

for a total indeterminate period of eight years, the order requiring service of the three-year sentence has become final and only the proceeding with regard to the five-year sentence is before us on this review.[1]

The decision to revoke a defendant's probation on a suspended sentence is one within the discretion of the sentencing court. I.C. § 20–222. In a probation revocation proceeding, two threshold questions are presented: (1) did the probationer violate the terms of probation; and, if so, (2) should probation be revoked? Then, if the court determines that probation should be revoked, a third question arises—what sentence should be ordered? If a prison sentence previously has been pronounced but suspended, then that sentence may be ordered into execution, or, alternatively, the court is authorized under I.C.R. 35 to reduce the sentence upon revocation of the probation. *State v. Adams*, 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989).

Here the revocation of Lee's probation was immediately preceded by two hearings. The first hearing dealt only with the question of alleged violations. Following that hearing, the district court entered a written decision, concluding—upon a preponderance of the evidence submitted at the hearing—that Lee had violated his probation. A subsequent hearing was held for the purpose of disposition. When that hearing was completed, the court again issued a written decision. The court carefully reviewed Lee's case and concluded that because probation thus far had not been successful, a period of incarceration was necessary to protect society and to enhance the possibility of Lee's eventual rehabilitation. Consequently, the court revoked Lee's probation and ordered execution of the previously suspended sentence.

On this appeal, Lee does not contend that the state failed to prove—or the court erred in determining—that Lee had violated conditions of his probation. Instead,

1. Nevertheless, because the orders which revoked Lee's probation on both convictions resulted from a single proceeding involving the same grounds alleged by the state jointly to constitute violation of probation in each of the two cases, as a practical matter our analysis with respect to the assault charge would be equally applicable to the insufficient funds check charge, if that case was also to be considered by us in this appeal.

Lee maintains that the court committed error by ignoring the criteria in I.C. § 19–2521 in deciding to revoke Lee's probation rather than allowing the probation to continue. We are not persuaded that Lee has shown any error.

■ Clearly, the criteria in section 19–2521 provide guidance to the court in reaching an initial decision whether to impose a sentence of imprisonment or to place the defendant on probation. The factors enumerated in that statute certainly are of value in determining, prospectively, whether probation may be successful. In making its determination whether to grant probation, the court is not required to "check-off" or recite each of the criteria for the benefit of the defendant. *State v. Burroughs,* 107 Idaho 195, 687 P.2d 585 (Ct. App.1984). Moreover, once a defendant has been placed on probation and thereafter violates his probation, then—depending upon the nature and seriousness of the violation—probation may not be as feasible or desirable as initially thought. Under those circumstances, the utility of the criteria in section 19–2521 may lessen in significance.

■ The purpose of probation is to give a defendant an opportunity to be rehabilitated under proper control and supervision. *State v. Sandoval,* 92 Idaho 853, 452 P.2d 350 (1969). A judge cannot revoke probation arbitrarily. *State v. Hancock,* 111 Idaho 835, 727 P.2d 1263 (Ct.App.1986). However, probation may be revoked if the judge reasonably concludes from the defendant's conduct that probation is not achieving its rehabilitative purpose. *State v. Adams, supra,* at 1055, 772 P.2d at 262, citing *State v. Mummert,* 98 Idaho 452, 566 P.2d 1110 (1977). In *Adams* we noted that no "bright line" rule was applicable to the trial court's decision to revoke probation in light of the judge's first-hand familiarity with the defendant and his rehabilitative prospects. Similarly, we decline to require the trial court to express any reconsideration of each of the criteria of section 19–2521 every time the question of continuing probation is presented to the sentencing court.

■ Instead, we believe the actual performance of a defendant under the terms and conditions of his probation presents a better picture of the likelihood of success of continued probation. In its written decision to revoke Lee's probation, the district court summarized its findings with regard to the feasibility of continued probation. The court said:

Three years have transpired since Mr. Lee first appeared before this court, during which time he has continually probed the outer limits of this court's patience and his probation. The criminal offenses for which Mr. Lee has been convicted are serious: attempted rape and check fraud are revolting offenses against society. Mr. Lee has confused this court's willingness to suspend his sentences [and grant] probation with a condonation of the offenses themselves. This is not the case.

Mr. Lee must understand that this court continues to look upon his offenses as grave injustices against society. Although Mr. Lee has apologized to the victim of his attempted rape and made some nominal restitution to the victims of his check fraud, he has not established a law abiding pattern in his course of conduct; rather, he has manipulated his privileges, lied to his probation officers, and deceived this court. Mr. Lee's numerous probation violations attest these observations.

While these acts do not, in and of themselves, directly impact upon society to the same extent that attempted rape and check fraud impact upon society, they do clash against societal notions of honesty and uprightness. Mr. Lee's flippant attitude negates the possibility that he has determined to mend his ways and repay society, thereby foreclosing the possibility that society can safely permit him to remain at large.

In the words of Pastor Vince Frank: "Larry takes three steps forward and two steps backwards." This court agrees, for in the past three years of probation, Mr. Lee has only evidenced approximately one year's progress. This insignicant [sic] amount of progress is

overshadowed by the seriousness of Mr. Lee's convictions and the manipulativeness of his conduct.

At the disposition hearing, [Lee's counsel] put on evidence that some people are still willing to give Mr. Lee a second chance. Dr. and Mrs. Bill Williams, for example, have offered to help Mr. Lee in his educational pursuits; Pastor Frank has offered to help Mr. Lee establish a budget; and Judy McCallister has offered to work with Mr. Lee in her professional capacity. These people are to be commended for their gestures of sacrifice and sincerity, for few people in today's hustle-and-bustle world are willing to help those in need.

At the disposition hearing, these people testified that Mr. Lee needs to work in an atmosphere of trust; they also testified, however, that Mr. Lee is deceptive. Mz. McCallister summed it up when she stated that Mr. Lee resists supervision and that, even in an atmosphere of trust, she was unsure whether he could change his course of conduct and avoid further violations of the terms of his probation. This court agrees and believes that it is extremely unlikely that Mr. Lee could successfully complete a program of supervised probation at this time.

Based on these observations, the court determined that Lee's probation should be revoked.

In our view, the court expressed sound reasons in concluding that further probation was inappropriate. We hold that the court did not abuse its discretion. Finding no error in the district court's decision, we affirm the order revoking probation.

## II

■ We turn next to whether the court abused its discretion by ordering into execution the five-year sentence that previously had been suspended. Lee contends the sentence is unduly harsh. We disagree.

We note that Lee could have received a ten-year sentence on the assault charge. I.C. § 18–910. The indeterminate five-year sentence imposed by the court was well within the court's sentencing discretion. Lee's crime was committed prior to the effective date of the Unified Sentencing Act, I.C. § 19–2513. Consequently, no minimum term of confinement was ordered. We are thus faced with review of a fully indeterminate sentence, and, for the purpose of review, we will deem one-third of the five-year sentence—a period of twenty months—to be an appropriate measure of the term of confinement.

Examining this sentence in light of the well-established standards of *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), we hold that the five-year sentence was reasonable. We conclude the district court did not abuse its discretion in ordering execution of the suspended sentence.

We turn next to a subsidiary issue: whether the district court erred in declining to reduce the five-year sentence, as permitted by I.C.R. 35.[2] The request by Lee for a reduced sentence was filed with the court within a few days after the district judge had issued his written decision to revoke Lee's probation and before the order revoking probation was entered.[3] The motion to reduce the sentence was denied.

A motion under Rule 35 essentially is a plea for leniency which may be granted if the sentence imposed on the defendant was, for any reason, unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App.1984). Such a motion is directed to the sound discretion of the district court. *State v. Roach*, 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). On appeal, we review the entire record to determine whether the district court abused its discretion in failing to grant the leniency requested. *State v. Stanfield*, 112 Idaho 601, 733 P.2d 822 (Ct.App.1987). In making this determina-

**2.** Rule 35, I.C.R., provides that "[t]he court may also reduce a sentence upon revocation of probation as provided by law."

**3.** Following a hearing on Lee's motion to reduce his sentence, the district court entered an order denying the motion. Both the hearing and the entry of the order thereon occurred after the order revoking probation had been entered and also after the notice of appeal had been filed in this case.

tion, we apply the same criteria for reviewing the reasonableness of the original sentence. *State v. Toohill, supra.*

In the present case, transcripts of the original sentencing proceeding and of the hearing on Lee's Rule 35 motion have not been provided to us. We have, for review, only the transcripts of the probation revocation proceeding. We have the benefit also of the district court's written decisions with respect to the revocation proceedings. From these sources we have been able to conclude that the five-year sentence initially imposed and later ordered into execution by the district court was reasonable. We have been presented with nothing otherwise to show that the district court abused its discretion in rejecting the Rule 35 plea.

The order revoking probation, and ordering into execution the five-year indeterminate sentence for assault with intent to commit a serious felony, is affirmed.

BURNETT and SWANSTROM, JJ., concur.