804 P.2d 1366

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robin PARAMORE,
Defendant–Appellant.**

No. 18697.

Court of Appeals of Idaho.

Feb. 1, 1991.

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Robin Paramore appeals from an order of the district court revoking his probation and reinstating a previously suspended unified sentence of eighteen months in the custody of the Board of Correction with a nine-month minimum period of confinement. He contends that his sentence is unreasonable upon the facts of this case and that his sentence is not supported by the criteria set forth in I.C. § 19–2521. For the reasons stated below, we affirm.

On April 3, 1989, pursuant to a plea agreement, Paramore pled guilty to attempted possession of a Schedule II controlled substance (Ritalin), I.C. §§ 18–306, 37–2707(d)(4), 37–2732(c)(1). The district court imposed a unified sentence of eighteen months in the custody of the Board of Correction with a nine-month minimum period of confinement, but suspended the sentence and placed Paramore on probation for eighteen months.

Paramore's probation officer filed a report of violation. At a show cause hearing on March 19, 1990, the district court determined that Paramore had violated three terms of his probation: in June, 1989, he left the in-patient Alcohol Treatment Unit at Orofino without permission and failed to complete the program; on January 30, 1990, he was convicted of driving under the influence of alcohol, I.C. § 18–8004; and in March, 1990, his probation officer found a shotgun in his home. On March 21, 1990, the district court entered an order revoking Paramore's probation and reinstating the original sentence. On April 30, 1990, Paramore filed a notice of appeal, pursuant to I.A.R. 11(a)(2),[1] from the order revoking his probation.

■ Paramore argues that his sentence is unreasonable given the facts in this case. However, he did not appeal from the original judgment of conviction within the forty-two days allowed by I.A.R. 14(a). Nor does the record contain any indication that Paramore ever filed an I.C.R. 35 motion for correction or reduction of his sentence. Rather, he appeals from the order revoking his probation which is an "order made after judgment affecting the substantial rights of the defendant" under I.A.R. 11(c)(9). *State v. Dryden*, 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct.App.1983). Therefore, Paramore cannot now challenge the reasonableness of the sentence originally imposed. *Id.* Our review is confined to a determination of whether the sentence now appears harsh "in light of circumstances existing when the court ordered the sentence to be executed upon revocation of probation." *Id., quoting State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct.App. 1982). We look to all the circumstances bearing on the district court's decision to reinstate the sentence, including events occurring between the original sentencing and the revocation of probation. *State v. Grove*, 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct.App.1985).

■ The sentence reinstated by the district court upon revocation of Paramore's

---

**1.** We note that I.A.R. 11(a)(2) allows for appeals to the Supreme Court as a matter of right from *civil* judgments or orders of the district court which dismiss, affirm, reverse or remand an appeal. In criminal proceedings, I.A.R. 11(c) allows for appeals as a matter of right from final judgments of conviction, I.A.R. 11(c)(1), or from any order made after judgment affecting the substantial rights of the defendant, I.A.R. 11(c)(9).

probation was imposed in accordance with the Unified Sentencing Act, I.C. § 19–2513. Paramore was sentenced to a nine-month minimum period of confinement, which we will use as the probable measure of confinement. *State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989); *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). We note that the maximum sentence for attempted possession of a Schedule II controlled substance (Ritalin) is eighteen months in prison and a $2,500 fine. I.C. §§ 18–306(4), 37–2707(d)(4), 37–2732(c)(1). A sentence within the statutory limits ordinarily will not be considered an abuse of discretion. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). Paramore has the burden of demonstrating such an abuse of discretion. *State v. McPhie,* 104 Idaho 652, 656, 662 P.2d 233, 237 (1983).

■ At his original sentencing hearing, Paramore orally accepted the terms of his probation including the condition that a violation of those terms might result in imposition of the original sentence. Two days later, he also signed an "Agreement of Supervision" acknowledging that his failure to abide by and conform to the conditions of supervision might result in the revocation of his probation. The transcript of the order to show cause hearing reveals that Paramore admitted to the court that he had been convicted of driving under the influence of alcohol and acknowledged that the conviction violated the terms of his probation. He testified that he allowed an acquaintance to leave a 12–gauge shotgun at his residence, even though he knew this was a violation of the terms of his probation. His probation officer testified that Paramore failed to complete the alcohol treatment program because Paramore "didn't like the way other people in the program were being treated." Paramore has failed to show that the district court abused its discretion by revoking his probation.

■ Paramore also argues that the district court erred by ignoring I.C. § 19–2521 which sets forth criteria that sentencing courts must consider when deciding whether to place a convicted defendant on probation or impose imprisonment.[2] The district court, however, is not required to express any reconsideration of each of the criteria in I.C. § 19–2521 every time the question of continuing probation is presented to it. *State v. Lee,* 116 Idaho 38, 40, 773 P.2d 655, 657 (Ct.App.1989). Rather, the defendant's actual performance under the terms and conditions of probation is a better measure of the likelihood of success of continued probation. *Id.*

The purpose of probation is to provide an opportunity for defendants to be rehabilitated under proper control and supervision. *State v. Sandoval,* 92 Idaho 853, 860, 452 P.2d 350, 357 (1969); *Lee, supra* 116 Idaho at 40, 773 P.2d at 657. The decision to revoke probation is committed to the sound discretion of the trial court. *State v. Grove,* 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct.App.1985). Paramore's unwillingness to abide by the conditions of his probation justified the district court's decision to revoke his probation rather than to continue it. *State v. Mummert,* 98 Idaho 452, 455, 566 P.2d 1110, 1113 (1977); *State v. Dryden,* 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct.App.1983).

The order of the district court revoking Paramore's probation and reinstating the sentence originally imposed is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.

---

2. We note that Paramore has in no way challenged the validity of the conditions of his probation, nor has he alleged that any of the conditions of his probation are not reasonably related to his rehabilitation.