818 P.2d 354

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Clifford K. McDONOUGH, Defendant–Appellant.**

**No. 18635.**

Court of Appeals of Idaho.

Oct. 16, 1991.

Robert P. Tunnicluff, Moscow, for appellant.

Larry J. EchoHawk, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen. (argued), Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order revoking probation and committing the appellant to the custody of the Board of Correction for an indeterminate period of five years. Finding no abuse by the court of its discretion to revoke probation, we affirm.

In December, 1986, the appellant, Clifford McDonough, pled guilty to the felony offense of malicious injury to property. I.C. § 18–7001. A judgment of conviction was entered and he was sentenced to the custody of the Board of Correction for an indeterminate period of time not to exceed five years. The court, however, retained jurisdiction and subsequently suspended the sentence and released the appellant on probation. Pertinent to the inquiry presented in this appeal, the appellant's probation contained two conditions: (a) that he would respect and obey all laws which provide incarceration as a penalty; and (b) that he would make restitution of $15,341.84 at the rate of $100 per month.[1] The

---

1. The amount of $15,341.84 was fixed by an additional order entered by the court. Evident-

appellant did not object to the conditions of probation and executed an agreement of supervision with the Department of Corrections' Division of Probation and Parole.

In November, 1988, a probation violation report was filed. In response, appellant admitted that he had violated his probation order by changing his residence without prior written permission from his supervising probation officer; by failing to pay restitution; and by consuming alcohol. Also, after an evidentiary hearing, the court concluded that appellant further violated the probation order by committing the crime of petty theft. However, the court readmitted the appellant to probation, subject to the additional condition that he serve sixty days in the county jail.

In December, 1989, and February, 1990, two new reports of probation violation were filed. These reports alleged that the appellant again had failed to pay restitution as required and that he had failed to obey all laws, specifically by leaving the scene of an accident involving property damage and by operating an automobile without proof of insurance, following an incident in January, 1990, when a vehicle driven by the appellant left the road on a corner and collided with personal property stored on a vacant lot adjacent to the roadway. In response to a motion by the prosecutor to revoke probation, the appellant admitted he had failed to pay restitution as ordered and that he had violated the law by operating a motor vehicle without insurance. He denied the allegation of leaving the scene of an accident. After an evidentiary hearing, the court concluded that appellant had not violated his probation with respect to the latter allegation, but that he was in violation for failing to make restitution and for not obeying the law prohibiting the operation of a vehicle without insurance. In addition, the court noted that the evidence surrounding the investigation of the auto accident showed that the appellant had lied to the investigating officers and that earlier on the date of the accident the

appellant had consumed alcohol in contravention of the terms of his probation. The dispositional phase of the proceeding focused primarily on the appellant's ability to remain gainfully employed and to make restitution. At the conclusion of the proceeding, the court revoked probation and ordered execution of the balance of the five-year sentence.

The appellant's challenge to the order revoking his probation essentially is couched in terms of whether he was aware of the total amount of restitution to be paid and whether the court should have made findings with respect to the appellant's ability to pay restitution. He does not attack the court's determination that—based upon his admissions—he violated his probation by failing to pay $100 per month toward the restitution and by driving an automobile while uninsured. Because the record clearly supports the court's findings that the appellant violated his probation on grounds independent of the questions raised with respect to the restitution issue, the order of the district court can be sustained on those grounds. *State v. Tracy*, 119 Idaho 1027, 812 P.2d 741 (1991).

▮▮▮ It is well-settled that the question whether a defendant is a fit subject for probation is a matter to be determined in the exercise of sound discretion by the trial court. *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968); *State v. Bell*, 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982). After sound determination that a probationer could not possibly perform fundamental conditions of his probation, the judge has discretion to remove probation and require service of a sentence. *Id.* The revocation of probation also is discretionary with the court. I.C. § 20–222; *State v. Case*, 112 Idaho 1136, 739 P.2d 435 (Ct.App.1987); *State v. Bell, supra.* Probation may be revoked if the judge reasonably concludes from the defendant's conduct that probation is not achieving its rehabilitative purposes. *State v. Adams*, 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989), *citing State v.*

ly, the amount due for restitution later was recalculated and determined to be in excess of

$28,000.

*Mummert,* 98 Idaho 452, 566 P.2d 1110 (1977).

■ Here, the district judge articulated his findings, with regard to continuing the appellant on probation, at the conclusion of the probation violation hearing. He said:

This Court has demonstrated considerable leniency in dealing with the defendant previously. After the Court had received a Jurisdictional Review Committee Report the Court placed the defendant on probation for a period of five years. That was on August 24, 1987. One of the principal reasons I placed the defendant on probation was the amount of restitution which he then owed in excess of $29,000.00. In that period of two and a half years which has elapsed since that date, the court records indicated that he has paid the grand sum of $500.00 leaving a balance of $28,667.36 still owing to the numerous victims of the criminal activity that led to his sentence in the State Penitentiary.

You've asked, [addressing counsel for the appellant], that I consider restitution. I am considering the factor of restitution, in light of his failure to pay restitution while having the apparent ability to make good faith efforts, which he has not done, to pay that restitution.

The Court once again about a year ago showed leniency with the defendant. He denied that he had committed an act of petty theft for which he had been charged. We conducted an evidentiary hearing, I found from the evidence adduced at that hearing that the State had established by a preponderance of the evidence that the defendant had taken a hat from the Circle K store in Lewiston, Idaho, without paying for the same.

I, at that time, heard words of contrition. I heard the defendant mouth remorse and contrition. In an effort to get his attention I continued his probation at that time but ordered him to serve as an additional condition of probation a period of 60 days in the Latah County Jail. He accepted all the terms and conditions of probation including that period of incarceration. That period of incarceration, the 60 days he served, has failed to get the message across to the defendant.

The defendant has continued to demonstrate that he is not a viable candidate any longer for probation. That he cannot conform his conduct to that which is expected of a law abiding citizen. It is the order of the Court that the defendant's probation be revoked. His bond is exonerated. It is the further order of the Court that the defendant serve the balance of the sentence which was previously imposed by the Court.

Based upon the evidence submitted at the probation violation hearing, upon the district court's first-hand familiarity with the appellant and his rehabilitative prospects, and upon the court's recitations of reasons for not continuing the appellant on probation, we conclude that the appellant has failed to show that the court abused its discretion in deciding to revoke probation. *See State v. Adams, supra.* Accordingly, the order appealed from is affirmed.

SWANSTROM and SILAK, JJ., concur.