834 P.2d 909

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Douglas Blaine COFFIN, Defendant–Appellant.**

No. 19603.

Court of Appeals of Idaho.

July 8, 1992.

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Jr., Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Douglas Blaine Coffin [1] appeals from an order of the district court revoking his probation and executing his previously imposed sentence. Coffin contends that the sentence is excessive and therefore unreasonable. We affirm.

After pleading guilty to aggravated assault on a law enforcement officer, a felony, I.C. §§ 18-901, 18-905, and 18-915, Coffin was sentenced to five years in prison with one year fixed. The district court then suspended Coffin's sentence and placed him on probation. Coffin's judgment of conviction was filed on October 24, 1990. Coffin did not appeal.

On July 11, 1991, the state moved the district court for an order for bench warrant alleging that Coffin had violated his probation by resisting an officer in March, 1991, and by engaging in acts of felonious

telephone harassment on several occasions between April and May, 1991. A probation violation hearing was held on August 27, 1991. At the conclusion of the hearing, the district court determined that Coffin had violated the terms of his probation and ordered that an updated presentence investigation report (PSI) be prepared.

After a disposition hearing, the district court filed an order, dated October 7, 1991, revoking Coffin's probation and executing his previously imposed sentence. On October 16, 1991, Coffin appealed from that order.

## ANALYSIS

This Court has previously held the following with respect to probation revocations:

The decision to revoke a defendant's probation on a suspended sentence is within the discretion of the district court. I.C. § 20-222. In a probation revocation proceeding, two threshold questions are posed: (1) did the probationer violate the terms of probation; and, if so, (2) should probation be revoked? Then, if the court determines that probation should be revoked, a third question arises—what prison sentence should be ordered? If a prison sentence previously has been pronounced but suspended, that sentence may be ordered into execution, or, alternatively, the court is authorized under I.C.R. 35 to reduce the sentence upon revocation of the probation.

*State v. Corder,* 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (Ct.App.1989) (citations omitted).

In this case, Coffin has not challenged the district court's finding that he violated the terms of his probation. Nor has Coffin challenged the district court's decision to revoke his probation. The only issue asserted by Coffin is whether the district court abused its discretion by imposing an unduly harsh and excessive sentence. However, it is important to note that Coffin did not appeal from the original

---

1. The caption on the notice of appeal lists the appellant's name as Douglas Blaine Coffin. We note that, according to the minutes of the district court prepared following the defendant's initial arraignment, his correct name is Blaine Douglas Coffin.

judgment of conviction within the forty-two days allowed by I.A.R. 14(a). Nor did he timely file a motion for reduction of sentence pursuant to I.C.R. 35.[2] This appeal is from the "Order of Revocation of Probation and Execution of Judgment of Conviction Sentence," and the issues on appeal are confined to that order. *State v. Dryden*, 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct.App.1983). Coffin may not now challenge the reasonableness of the sentence originally imposed. *Id.; State v. Paramore*, 119 Idaho 235, 236, 804 P.2d 1366, 1367 (Ct.App.1991). The scope of our review is restricted to a determination of whether Coffin's sentence now appears excessive in light of circumstances existing when the court ordered the sentences to be executed upon revocation of probation. *Id.; see also State v. Tucker*, 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct.App.1982). Thus, we will look at all the circumstances bearing on the district court's decision to reinstate the sentence, including events occurring between the original sentencing and the revocation of probation. *Paramore*, 119 Idaho at 236, 804 P.2d at 1367 (citing *State v. Grove*, 109 Idaho 372, 373, 707 P.2d 483, 484 (Ct.App.1985)).

█ In order to succeed on appeal, Coffin must show that the district court abused its discretion by reinstating a sentence that is unreasonable considering all the facts of the case. *Dryden*, 105 Idaho at 852, 673 P.2d at 813. It is well-settled that a sentence is reasonable to the extent it appears necessary to accomplish the primary goal of protecting society and to achieve any of the related goals of deterrence, rehabilitation or retribution. *Id.* (citing *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982)). Coffin must show that, under any reasonable view of the facts, his sentence is excessive in light of the foregoing criteria. *Id.*

█ Coffin was originally sentenced to a fixed term of one year in prison, followed by an indeterminate term of four years for aggravated assault upon a law enforcement officer. The maximum sentence the court could have imposed for this offense

was ten years in prison and a $10,000 fine. I.C. §§ 18–906, 18–915. In reviewing Coffin's sentence, we treat Coffin's one year minimum period of confinement as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). A sentence that is within the statutory limits ordinarily will not be considered an abuse of discretion. *Paramore*, 119 Idaho at 237, 804 P.2d at 1368 (citing *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982)). Coffin bears the burden of proving such an abuse of discretion. *Paramore*, 119 Idaho at 237, 804 P.2d at 1368 (citing *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983)).

█ An updated PSI report (PSI) was ordered by the court for the dispositional phase of Coffin's probation revocation proceeding. The PSI shows that Coffin had seven prior felonies, including two withheld judgments, which involved incidents of burglary, grand larceny, resisting an officer by means of violence, aggravated assault on a police officer, and armed robbery. The PSI also shows Coffin has twenty-six prior misdemeanors, many of which involved incidents of battery and of resisting, obstructing, or eluding police officers. The offenses constituting violations of Coffin's probation were three felony counts of using a telephone to harass and one misdemeanor count of resisting and obstructing an officer. The PSI also indicates that Coffin had six counts of violating a protective order pending at the time of his disposition hearing. These counts were related to domestic disturbances between Coffin and his wife.

According to the PSI, Coffin's probation officer stated the following with respect to Coffin's performance while on probation, and in recommending a disposition:

> I recommend that the defendant serve the remainder of his sentence. I have him in some compliance, but not total rein. He is a dangerous individual with an explosive temper, therefore I recommend he complete his sentence at Idaho State Correctional Institution.

2. We note that Coffin did file a motion to obtain credit for time served in jail, which was granted by the court. He also filed a motion for reduc-

tion of the sentence, which was untimely and was denied by the court. The propriety of these two rulings is not challenged in this appeal.

The presentence investigator stated the following in concluding the report: "The defendant has been given multiple punishments which have failed to deter his criminal behavior. Based on his prior record, it seems appropriate that incarceration be imposed." After reviewing the history of this case and the facts in the record, the district judge concluded, on executing the sentence, that it was necessary to protect society, and particularly Coffin's family, from Coffin.

After reviewing the record, we conclude that a sentence of one year's minimum confinement is not unreasonable upon the facts of this case and the relevant sentencing criteria outlined above. Accordingly, we hold that the district court did not abuse its discretion by ordering Coffin's sentence into execution.

Based on the facts and reasoning set forth above, we affirm the district court's order revoking probation and executing the sentence previously imposed on Coffin.

WALTERS, C.J., and SWANSTROM, J., concur.