841 P.2d 458

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Merle Christopher REINE, Defendant–Appellant.**

**No. 19477.**

Court of Appeals of Idaho.

Nov. 3, 1992.

Michael J. Wood and John A. Olson (argued), Twin Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from an order revoking probation. Merle Christopher Reine argues that his due process rights were violated because he was found to have violated a condition of probation which he never acknowledged knowing, that the probation condition was not reasonably related to his crime, and that the court abused its discretion when it revoked probation. We affirm.

Reine was charged with two counts of first degree burglary. I.C. § 18–1401, –1402, –1404. Under a plea agreement, one count was dropped and Reine pled guilty to the other. In January, 1990, the court imposed a unified five-year sentence, with a minimum two-year period of confinement. The court retained jurisdiction for 120 days, which was later extended by sixty days. On August 1, 1990, Reine was placed on two years' probation.

In December, 1990, Reine admitted violating his probation and was sentenced to 120 days in the county jail. After his release from jail, he again was placed on two years' probation. In April 1991, a month after his release from jail and reinstatement to probation, Reine's probation officer alleged that Reine had violated probation five more times. These alleged violations included, among other things, failure to pay restitution and the costs of supervision, and possession of stolen property. At the hearing, the court held that four of these violations were not proved by the state. The fifth allegation was that Reine had failed to abide by the first condition in the probation supervision agreement. Condition number one of the Standard Agreement of Supervision stated: "LAWS AND COOPERATION: I [Reine] shall respect and obey all laws and comply with any lawful request of my supervising officer or an agent of the Division of Probation and Parole."

Under authority of this condition, Reine's probation officer instructed him not to drive or let anyone else drive Reine's car until Reine purchased insurance for it. The probation officer then claimed that, while the car was uninsured, Reine had driven the car and had let his girlfriend drive it. The court determined that there was insufficient evidence that Reine had personally driven the car without insurance. However, the state proved that Reine let his girlfriend drive it. The court found this to be a violation and held that "the request of the department to have the car parked and not driven by anyone (until insured) is a lawful and reasonable request of the department relative to their supervision of the defendant on probation." The court revoked probation and ordered Reine's sentence be executed.

Reine's first and second arguments are that there was no affirmative indication that he knew of the condition and that the condition was not reasonably related to his crime. Neither of these issues were raised below. Issues not raised at the trial court level may not be raised for the first time on appeal. *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991); *State v. Denny*, 122 Idaho 563, 835 P.2d 1374 (Ct. App.1992). An exception to this rule applies if the issue raised on appeal addresses a fundamental right. *Mauro, supra.* An error implicating a fundamental right is an error "which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional

right to due process." *Mauro*, 121 Idaho at 180, 824 P.2d at 111.

■ It is fundamental that a defendant have notice of the crime or violation for which he is being incarcerated. However, there was no error in this case. This Court has held that a defendant's signature on a probation order indicates that he accepted, and certified that he fully understood, the conditions of probation. *State v. Barton*, 119 Idaho 114, 803 P.2d 1020 (Ct. App.1991). Moreover, a condition to abide by the law is such a fundamental request that even when it is not expressly written in probation agreements it is generally implied. *State v. Hancock*, 111 Idaho 835, 727 P.2d 1263 (Ct.App.1986). Further, a requirement that one obey the law is directly related to the rehabilitative purpose of probation.

■ Reine's final assertion is that the court erred when it revoked probation. Whether to revoke probation is a question left to the trial court's discretion. *Barton, supra.* Probation may be revoked if the judge reasonably concludes from the defendant's conduct that probation is not achieving its rehabilitative purposes. *State v. McDonough*, 120 Idaho 650, 651, 818 P.2d 354, 355 (Ct.App.1991). Because the trial judge has first-hand familiarity with the defendant and his rehabilitative prospects, we defer to the trial court's decision unless an abuse of discretion is demonstrated. *State v. Adams*, 115 Idaho 1053, 772 P.2d 260 (Ct.App.1989).

At Reine's probation revocation hearing, the court concluded that the positive things Reine had done during probation were outweighed by the negative. In particular, the court felt that Reine was very untruthful in his response to the alleged probation violations, particularly those dealing with possession of stolen property. When Reine committed the burglary in Idaho he was on probation for attempted petit theft in California. That conviction was the result of Reine agreeing to plead guilty in response to the state's reduction of a burglary charge. When the state alleged that Reine had violated probation in the instant case, Reine had already been jailed for an admitted violation. The court concluded that the cumulative affect of the information presented showed that Reine would not abide by the law and would prey on the community to gain advantage for himself. From this perspective, the court observed that there was no reasonable alternative except to revoke probation and order execution of the sentence. Based on the record before us, we cannot say that this was an abuse of discretion.

The order revoking probation is affirmed.

SWANSTROM and SILAK, JJ., concur.