844 P.2d 31

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Todd PETERSON, Defendant–Appellant.**

**No. 19359.**

Court of Appeals of Idaho.

Dec. 23, 1992.

Jonathan W. Cottrell, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Joel D. Horton and Kevin P. Cassidy, Deputy Atty. Gen., for respondent. Kevin P. Cassidy argued.

SWANSTROM, Judge.

This is an appeal from an order revoking probation and executing the suspended five-year indeterminate sentence which had been imposed on Todd Peterson after he pled guilty to second degree burglary. Peterson contends that the district court erred in finding that he had violated the terms of his probation because the state's evidence at the probation violation hearing was insufficient to prove a violation. He also contends that it was an abuse of the court's discretion not to continue his probationary status. We affirm.

After a period of retained jurisdiction and pursuant to an order dated September 4, 1987, the district court suspended Peterson's sentence for second degree burglary and released him on five years' probation. This probation was to run concurrently with a probation in Kootenai County from charges arising out of the same events that had given rise to the Bonner County charge. According to the terms of his probation, Peterson was to abide by and comply with all rules and regulations of the Board of Correction pertaining to persons under probation supervision and all reasonable orders of his probation officer. He was also ordered to maintain full-time employment or be enrolled full-time in school and to make restitution to the victims.

The supervision of Peterson's probation was transferred to the State of Washington where he was to maintain contact with his probation officer in person or by submitting written reports as required. In January, 1991, the Idaho probation office inquired and learned that Peterson had last reported to his Washington probation officer in June, 1990, and that Peterson's current whereabouts were unknown. A report of violation was filed, and Peterson eventually was picked up in Nevada on a probation violation warrant. On April 1, 1991, he appeared with counsel at a hearing in Bonner County, Idaho, on the probation violations.

Peterson has stated the issues on appeal to be whether the district court erred in finding a probation violation and whether the court abused its discretion in revoking his probation. The decision to revoke a defendant's probation on a suspended sentence is within the discretion of the district court. I.C. § 20–222; *State v. Corder*, 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989). The questions to be answered in a revocation proceeding are: did the probationer violate the terms of probation; and, if so, should probation be revoked?

Then, if the court determines that probation should be revoked, a third question arises—what prison sentence should be ordered? If a prison sentence previously has been pronounced but suspended, [as in this case,] that sentence may be or-dered into execution, or, alternatively, the court is authorized under I.C.R. 35 to reduce the sentence upon revocation of the probation.

*Id.* at 1138, 772 P.2d at 1233.

At the revocation hearing, Peterson admitted his failure to report and his failure to pay the restitution that had been ordered. He contended, however, that the probation officials from Washington had modified the terms of his probation, terminating the need for him to report. There was nothing in the record to substantiate this claim. The district judge was satisfied that Peterson had violated his probation by not reporting and by absconding from the control and supervision of the probation office.

■■■ On appeal, Peterson argues first that the district court erred in finding that he had violated the directives which he contends were modified by the Washington probation office, leading him to believe that he had completed his probation. Accordingly, he argues that the burden of proof was on the state to show a willful violation of probation by a preponderance of the evidence. However, the defendant's admission of an alleged probation violation eliminates the issue of whether sufficient evidence had been presented to support a determination that the defendant was in fact in violation. *State v. Bell*, 103 Idaho 255, 258, 646 P.2d 1026, 1029 (Ct.App.1982). As we have previously held, when a probationer admits a direct violation of his probation agreement, no further inquiry into the question is required. *State v. Corder, supra.* We hold that the district judge correctly based his finding of a violation on Peterson's admissions. All that remains for our consideration is whether the revocation of probation was justified.

■■■ The purpose of probation is to provide an opportunity to be rehabilitated under proper control and supervision. *State v. Paramore*, 119 Idaho 235, 237, 804 P.2d 1366, 1368 (Ct.App.1991) (citing *State v. Sandoval*, 92 Idaho 853, 860, 452 P.2d 350, 357 (1969)). If the trial judge reasonably concludes from the defendant's conduct

that probation is not achieving its rehabilitative purpose, probation may be revoked. *State v. McDonough*, 120 Idaho 650, 818 P.2d 354 (Ct.App.1991).

The district court viewed as particularly egregious Peterson's conduct in leaving the jurisdiction without any contact with probation officials. Peterson offered no plausible excuse for this conduct. The court also implicitly determined that Peterson's disregard of the reporting obligation was willful, considering that he was also wanted on outstanding warrants in Kootenai County, Idaho, and in Spokane County, Washington, for failure to report. Peterson's explanation for his failure to report created an issue of credibility which the court resolved against him.

We hold that the district judge acted within his discretion in revoking Peterson's probation notwithstanding that, at the time of the acts charged as violations, he had successfully completed half of his required probationary period. Peterson's unwillingness to abide by the conditions of his probation justified the court's decision to revoke his probation rather than to continue it. *State v. Paramore*, 119 Idaho at 237, 804 P.2d at 1368 (citing *State v. Mummert*, 98 Idaho 452, 455, 566 P.2d 1110, 1113 (1977)). We affirm the order of the district court revoking probation and ordering Peterson's suspended sentence into execution.

WALTERS, C.J., and SILAK, J., concur.