878 P.2d 213

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terry Lynn WILLIAMS, Defendant–Appellant.**

**No. 20571.**

Court of Appeals of Idaho.

July 20, 1994.

G. LaMarr Kofoed, Fruitland, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

We are called upon to determine whether I.C. § 19–2601(4) authorizes a court to retain jurisdiction over a criminal defendant for an evaluation period following revocation of the offender's probation, or whether that statute allows a court to retain jurisdiction only at the time the defendant is initially sentenced. We hold that a court is authorized to retain jurisdiction upon revocation of probation and commitment of the defendant to the custody of the Board of Correction (the Board), provided the court has not previously retained jurisdiction while the defendant was in the custody of the Board in the same case. We also hold that the district court did not err in revoking the defendant's probation, relinquishing jurisdiction following the period of retained jurisdiction and denying the defendant's motion for a reduction of the sentence.

In April 1991, Terry Lynn Williams pleaded guilty to one count of forgery, I.C. § 18–3601, and was sentenced to a unified term of five years with a minimum of two year's confinement. The district court suspended the sentence and placed Williams on probation. About eighteen months later, the court revoked probation due to Williams' violation of probation terms. The district court remanded Williams to the custody of the Board to serve the sentence originally imposed, but also retained jurisdiction over Williams for 180 days. At the close of the retained jurisdiction period, the court relinquished jurisdiction. Shortly thereafter, Williams filed a *pro se* motion for reduction of sentence under I.C.R. 35, which the district court denied.

Williams now appeals from her original sentence, the order revoking probation, the order by which the district court relinquished jurisdiction following a period of retained jurisdiction, and the order denying Williams' motion for reduction of sentence. For the reasons stated below, we affirm.

I

## WILLIAMS' APPEAL FROM THE ORIGINAL SENTENCE IS UNTIMELY

■ Williams first asserts the district court abused its discretion by imposing an excessive sentence. This element of her appeal is untimely. By terms of I.A.R. 14, a notice of appeal must be filed within forty-

two days from entry of the judgment or order from which the appeal is taken. Williams did not appeal within forty-two days from entry of the judgment of conviction and sentence. This Court has no jurisdiction to entertain an untimely appeal, and therefore, we will not consider Williams' contention that the court abused its discretion in the initial sentencing. *See State v. Paramore,* 119 Idaho 235, 236, 804 P.2d 1366, 1367 (Ct.App. 1991); *State v. Hickman,* 119 Idaho 7, 8, 802 P.2d 1219, 1220 (Ct.App.1990); *State v. Dryden,* 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct.App.1983).

## II.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN REVOKING WILLIAMS' PROBATION

Williams next contends that the district court erred in revoking her probation.

■ Preliminarily, we address the State's argument that Williams' appeal from the October 30, 1992, order revoking probation is untimely because the notice of appeal was not filed within forty-two days from entry of the probation revocation order. Idaho Appellate Rule 14 provides that an appeal must be filed within forty-two days from the date of the judgment or order. However, that rule also specifies that the period for an appeal in a criminal case is enlarged by the length of time the district court retains jurisdiction pursuant to I.C. § 19–2601(4). Here, the court retained jurisdiction when it revoked probation. The appeal was initiated within forty-two days from the subsequent order relinquishing jurisdiction. As discussed below, the district court acted within its statutory authority in retaining and then relinquishing jurisdiction. Accordingly, the State's assertion that this appeal is untimely with respect to the order revoking probation is without merit.

The decision to revoke a defendant's probation on a suspended sentence is within the discretion of the district court. I.C. § 20–222. *State v. Corder,* 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (Ct.App.1989); *State v.*

*Coffin,* 122 Idaho 392, 393, 834 P.2d 909, 910 (Ct.App.1992). On appeal, we review this decision for an abuse of discretion. *State v. Hass,* 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App.1988). While Williams does not controvert the district court's finding that she violated terms of her probation, she does contend the district court's decision to revoke her probation was an abuse of discretion.

Less than eight months after her conviction Williams was found to have violated probation terms by failing to make restitution payments, attend G.E.D. classes or obtain an alcohol and drug evaluation and by leaving the state without permission from her probation officer. However, the court chose not to revoke probation at that time but to continue the probation with modified terms. The court emphasized that if Williams were to again fail to comply with probation, the only alternative would be incarceration. Five months later, Williams was charged with, and admitted to, probation violations. She again had failed to enroll in and complete a substance abuse treatment program, make meaningful efforts to obtain her G.E.D. or enroll in a parenting, family, and marital counseling program.[1]

■ Although Williams' probation violations did not include any new criminal activity, the record indicates that her attitude toward her probationary terms was nonchalant at best. She persistently either dropped out of required programs once started or failed to enroll altogether. The purpose of probation is reformation and rehabilitation of the offender. *State v. Moore,* 93 Idaho 14, 454 P.2d 51 (1969). Probation may be revoked if the judge reasonably concludes, based upon the defendant's behavior, that probation is not achieving its rehabilitative purpose. *State v. Mummert,* 98 Idaho 452, 455, 566 P.2d 1110, 1113 (1977); *State v. Adams,* 115 Idaho 1053, 1055, 772 P.2d 260, 262 (Ct.App.1989). Williams' conduct during probation evidenced a disregard for authority and a refusal or inability to benefit from the rehabilitative opportunity presented. Therefore, applying the three-part test for review

---

1. Williams does not question the propriety of these probation conditions, nor did she object to

these conditions when she was placed on probation.

of discretionary actions set forth in *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989), we conclude that the district court's decision to revoke Williams' probation was not an abuse of discretion.

## III.

## THE COURT HAD AUTHORITY TO RETAIN JURISDICTION

Before addressing Williams' contention that the court erred in relinquishing jurisdiction, we will consider the State's threshold argument that the district court lacked authority to retain jurisdiction over Williams in the first instance. The State avers that the district court had no authority to retain jurisdiction when the court placed Williams in the custody of the Board upon revocation of her probation.

A district court's authority to retain jurisdiction over a convicted defendant who has been sentenced to the custody of the Board derives from I.C. § 19–2601(4). At the time of the orders challenged here, this statute provided that a court could retain jurisdiction over the defendant during the first 120 days (which could be extended by 60 days) of a sentence to the custody of the Board, and at any time during that period the court could suspend the further execution of the judgment and place the defendant on probation.[2] The State contends that this 180–day period during which the court could retain jurisdiction ran from the date of initial sentencing in May 1991, and that the authority to retain jurisdiction therefore did not exist in October

1992, when the district court revoked probation and purported to retain jurisdiction.

Analysis of the State's argument is aided by a review of the extent of a court's jurisdiction after sentencing, absent the provisions of Section 19–2601(4). If a court sentences a convicted defendant to a prison term and that sentence is executed by transfer of the defendant to the physical custody of the Board, the court's jurisdiction over the defendant terminates. At that point, the court possesses no residual power to alter the sentence in the course of the criminal action except as authorized by I.C.R. 35.[3] Absent an appropriate Rule 35 proceeding, any effort by the court to alter a sentence after the defendant has been placed in the custody of the Board is an impermissible invasion of the authority of the Commission of Pardons and Parole. *State v. Chapman*, 121 Idaho 351, 354–56, 825 P.2d 74, 77–79 (1992).

This loss of judicial jurisdiction does not occur, however, until the defendant has been placed in the custody of the Board. Two decisions of our Supreme Court establish that even after a sentence to the Board's custody has been pronounced, the court possesses continuing jurisdiction to amend that sentence until the defendant has been actually transferred to the Board's custody under the original sentence and commitment. *State v. McGonigal*, 122 Idaho 939, 940, 842 P.2d 275, 276 (1992); *State v. Johnson*, 101 Idaho 581, 585, 618 P.2d 759, 763 (1980).

2. When the court retained jurisdiction over Williams, I.C. § 19–2601 provided in part:

Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion, may:

. . . . .

(4) Suspend the execution of the judgment at any time during the first one hundred and twenty (120) days of a sentence to the custody of the state board of correction, during which time the court shall retain jurisdiction over the defendant which jurisdiction shall be entered on the order of commitment, and place the defendant on probation under such terms and conditions as it deems necessary and expedi-

ent, notwithstanding that the term of the court during which such defendant was convicted or sentenced may have expired; upon application of the state board of correction and for good cause shown, the court may extend the period under which it retains jurisdiction of the defendant an additional sixty (60) days.

In 1994 subsection 4 of the statute was amended to provide for an initial 180–day duration of retained jurisdiction without the further sixty-day extension. 1994 Idaho Sess.Laws, ch. 33, § 1, p. 50.

3. The incarcerated offender may, by a petition for a writ of habeas corpus or by an application for post-conviction relief, initiate a separate proceeding requesting relief which could affect a sentence if grounds for such relief are established in that proceeding.

■ Instead of imposing a prison term in the Board's custody, the court may suspend the sentence of incarceration and place the defendant on probation pursuant to I.C. § 19–2601(2). In that event, the court's jurisdiction over the defendant continues; the court remains free to revoke or to modify the terms of probation. I.C. §§ 20–221, –222; *State v. Oyler,* 92 Idaho 43, 47, 436 P.2d 709, 713 (1968). Unless and until the probation is revoked and a sentence of incarceration is executed, the court never loses, and the Board never acquires, jurisdiction over a probationer.

Idaho Code § 19–2601(4) superimposes upon this division of jurisdiction between the courts and the Board a means by which a court may retain jurisdiction even after the defendant is in the physical custody of the Board. By allowing the court to retain jurisdiction for 180 days after the execution of a sentence has been ordered, Section 19–2601(4) creates an exception to the general rule that the court loses jurisdiction from the moment execution of the sentence begins. The statute enables the court and the Board essentially to exercise concurrent authority over the offender for a limited period.

■ We find erroneous the State's argument that the district court lacked authority under Section 19–2601(4) to retain jurisdiction upon revocation of Williams' probation. The State's argument is premised on a misperception that the authority to retain jurisdiction under this statute attaches only at the initial imposition of sentence, even where that sentence is suspended. This premise is faulty because when an offender is placed on probation with the sentence suspended, the sentence is not executed and the defendant is not remanded to the custody of the Board. The court's jurisdiction continues because authority over the offender has not been transferred to the Board. Thus, when probation is granted, there is no occasion for the court to retain jurisdiction pursuant to Section 19–2601(4) unless and until probation is revoked and execution of the sentence is ordered. At that point, the defendant is committed to the custody of the Board and, for the first time, the opportunity arises for the court to retain jurisdiction and later suspend further execu-

tion of the judgment pursuant to Section 19–2601(4).

The authority upon which the State relies, *State v. Travis,* 125 Idaho 1, 867 P.2d 234 (1994), is not apposite. In *Travis,* when the district court initially sentenced the defendant to incarceration, it also retained jurisdiction under § 19–2601(4). After a period of imprisonment for evaluation purposes during retained jurisdiction, the court suspended the balance of the prison term and placed Travis on probation. Some five years later, the district court revoked the probation and attempted to again retain jurisdiction for another evaluation. Our Supreme Court held that the trial court did not have authority under Section 19–2601(4) to retain jurisdiction a second time more than 180 days after the initial sentence to the custody of the Board. Thus, the *Travis* case differs from the circumstances presented here because Travis' sentence of imprisonment was executed, and he was transferred to the Board, immediately following the initial sentencing. When the district court in *Travis* attempted to retain jurisdiction the second time, it was no longer within the first 120 or 180 days of an *executed* sentence to the custody of the Board. By contrast, in the case before us Williams' sentence was suspended at the outset; she was never remanded to the Board until the trial court revoked probation, ordered execution of the prison sentence, and entered an order retaining jurisdiction. Unlike the *Travis* court, which attempted to retain jurisdiction twice, the district court here retained jurisdiction only once, at the outset of Williams' incarceration in the Board's custody. Until then, there was no event of imprisonment upon which the proviso of Section 19–2601(4) could operate to extend the court's jurisdiction.

In sum, the 180 days referenced in I.C. § 19–2601(4) does not begin until the defendant has actually been remanded to the Board. Accordingly, a sentencing court may retain jurisdiction pursuant to that statute after revoking probation and ordering execution of the sentence, provided the defendant has not previously been remanded to the Board's custody in the same case. It follows that the district court here was authorized to

retain jurisdiction when it revoked Williams' probation in October 1992.

## IV. THE COURT DID NOT ERR IN RELINQUISHING JURISDICTION

Having resolved the issue of statutory authority, we now address Williams' assertion that the district court erred by "quashing retained jurisdiction without a hearing" in April, 1993, following the period of retained jurisdiction.

To the extent that Williams is challenging the court's failure to conduct a hearing on the matter, we deem this issue waived because the appellant has presented no supporting argument or authority. *See* I.A.R. 35(a)(6); *State v. Burris*, 101 Idaho 683, 684 n. 1, 619 P.2d 1136, 1137 n. 1 (1980). Even if the issue had been properly presented, it is well settled that a hearing before the trial court is not required as a condition precedent to that court's relinquishing its retained jurisdiction under I.C. § 19–2601(4). *State v. Atwood*, 122 Idaho 199, 832 P.2d 1134 (Ct. App.1992). *See also, Belknap v. State*, 98 Idaho 690, 571 P.2d 336 (1977); *State v. Ditmars*, 98 Idaho 472, 567 P.2d 17 (1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1977).

Although Williams suggests that the court erred by deciding to relinquish jurisdiction rather than placing Williams back on probation, she has failed to produce support for her argument in the record. When an offender has completed a period of retained jurisdiction, the trial court receives a report from the jurisdictional review committee on the offender's conduct and attitude during incarceration, along with the committee's recommendation as to whether the offender should continue to be incarcerated or should be placed on probation. In its order relinquishing jurisdiction the district court here expressly relied upon the committee's recommendation against probation. However, Williams has not provided the committee's report to this Court on appeal. Where pertinent portions of the record are missing on appeal, they are presumed to support the actions of the trial court. *State v. Wolfe*, 99 Idaho 382, 390, 582 P.2d 728, 736 (1978);

*State v. Repici*, 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct.App.1992). Accordingly, Williams has shown no error in the order relinquishing jurisdiction.

## V.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING RELIEF UNDER I.C.R. 35.

After the court relinquished jurisdiction, Williams filed a timely motion pursuant to I.C.R. 35, requesting a reduction of her sentence. Williams now challenges the denial of that motion.

A motion to reduce a legal sentence imposed in a lawful manner is essentially a plea for leniency which is addressed to the sound discretion of the sentencing court. *State v. Arambula*, 97 Idaho 627, 630, 550 P.2d 130, 133 (1976); *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App. 1984). On appeal from a denial of relief under Rule 35, we determine whether the trial court abused its discretion, applying the same criteria that are used for reviewing the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). If the sentence was not excessive when imposed, the defendant must show that it is excessive in view of new or additional information presented with his motion to reduce. In reviewing a sentence executed after probation was revoked, we look to the entire record, which encompasses events before and after the original judgment. *State v. Schorzman*, 122 Idaho 201, 203, 832 P.2d 1136, 1138 (Ct.App.1992). *State v. Springer*, 122 Idaho 544, 545, 835 P.2d 1355, 1356 (Ct.App.1992). Williams bears the burden of showing that the trial court abused its sentencing discretion, in light of the primary sentencing objective of protecting society and the related goals of deterrence, rehabilitation, and retribution. *State v. McPhie*, 104 Idaho 652, 656, 662 P.2d 233, 237 (1983), *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). For purposes of appellate review, we treat the minimum period of confinement as the probable duration of incarceration. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989).

Therefore, Williams must show that a two-year period of confinement is excessive under the facts of this case.

 Williams was twenty years old at the time she was sentenced. She was convicted of the felony of forgery, which carries a maximum potential sentence of fourteen years. I.C. §§ 18–3601, –3603. In pleading guilty, Williams admitted to stealing a check for nearly $5,000 made payable to another person, forging the endorsement, and attempting to cash the check at a local bank. Williams had two prior arrests for shoplifting but no prior convictions. The information that became available to the district court after the initial sentencing includes Williams' performance while on probation and during retained jurisdiction. In support of her pro se motion for reduction of the sentence Williams also submitted her own affidavit stating in effect that she had learned her lesson while in prison and wished to be placed back on probation. She also presented letters from her common-law husband and her mother promising their support if she were released.

There are factors present which militate in favor of leniency. Williams has no prior convictions and she committed no violations of the law during her probationary period. Other facts, however, weigh against the request for leniency. Williams had previously performed poorly while on probation, and she apparently did not deport herself well during retained jurisdiction, for the jurisdictional review committee recommended against further probation. In her Rule 35 motion Williams did not request that her incarceration be shortened; rather she asked to be again placed on probation. By her own previous conduct on probation, Williams had already seriously diminished the prospect for further probation. While the district court could have reduced the length of the sentence, it chose not to do so. As previously noted, because the jurisdictional review report is not included as part of the record on appeal, we will presume that it supports the trial court's decision.

Although a sentence of two years' minimum confinement is stringent for a first offense, we cannot conclude that the court abused its discretion in declining to reduce the sentence, particularly where a complete record has not been presented on appeal.

## VI.

### CONCLUSION

For the reasons stated above, the orders of the district court revoking probation, relinquishing jurisdiction and denying the motion for reduction of sentence are affirmed.

WALTERS, C.J., and PERRY, J., concur.