766 P.2d 781

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Darwin George KELSEY, Defendant–Appellant.**

**No. 17021.**

Supreme Court of Idaho.

Dec. 5, 1988.

Hart & Kohler Law Offices, Idaho Falls, for defendant-appellant. Stephen S. Hart argued.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent. David R. Minert, argued.

BAKES, Justice.

Darwin George Kelsey appeals from two amended judgments of conviction, one for rape and the other for aggravated battery. Kelsey also appeals from an order relinquishing jurisdiction which was initially retained pursuant to I.C. § 19–2601. Those two amended judgments of conviction were entered under the following circumstances.

In 1983, Kelsey pleaded guilty to rape and aggravated battery upon a young woman. He cut her throat, chest and abdomen with some sharp instrument. Kelsey was only age 16 at the time. The district judge, Boyd R. Thomas, on November 1, 1983, sentenced Kelsey to twelve years imprisonment for the rape and ten years for the aggravated battery, the sentences to

run concurrently. However, the court suspended the sentences and placed Kelsey on seven years' probation, upon the conditions: (1) that Kelsey be committed to the Youth Services Center (YSC) at St. Anthony in the Serious Offenders Program until he reached the age of 21; (2) that Kelsey successfully undergo therapy for "the psychological condition ... reported to [the court]" (sexually aberrant behavior and lack of remorse for the victim); and (3) submission to the court of semiannual reports showing progress in Kelsey's rehabilitation. At sentencing, Judge Thomas told Kelsey, "You must be making progress or I will take you out of that institution. The only other alternative I have is to send you to the penitentiary."

Kelsey accepted the terms of the probation, and he was committed to the Youth Services Center at St. Anthony and placed in the Serious Offenders Program. However, in 1985, the Serious Offenders Program was terminated at the Youth Services Center. On July 11, 1986, the prosecuting attorney filed a motion in the criminal action requesting that a writ of mandate be issued to the Department of Health and Welfare requiring it to appear and show cause why the Department of Health and Welfare, through the Youth Services Center at St. Anthony, should not be required to continue Kelsey in the Serious Offenders Program as originally set out in Kelsey's probation.

On August 8, 1986, this motion for a writ of mandate came on for a hearing before Judge H. Reynold George.[1] Kelsey appeared without counsel. Health & Welfare appeared by counsel and responded to the motion for the writ and called one witness, Kevin Miyasaki, of the YSC. Miyasaki testified that: (1) the Serious Offenders Program had been terminated in 1985, after which Kelsey was assigned to the Positive Peer Culture Modality Program; (2) the YSC, by statutory change, treated only to age 19, not 21; (3) Kelsey exhibited passivity in the YSC programs; (4) Kelsey progressed little or not at all in either program; and (5) were Kelsey to remain, YSC would simply "warehouse" him until he reached 21 years. [Kelsey turned 21 on June 28, 1988.] The prosecutor also examined Miyasaki. Kelsey was not given an opportunity to question or comment. Judge George denied the writ of mandate and informed Kelsey that because it now appeared to be impossible for him to serve the probation as set forth by Judge Thomas, *i.e.*, participate in the Serious Offenders Program, some change in the terms of his commitment would be necessary.

On September 10, 1986, Judge George made changes in Kelsey's commitment. Judge George amended the judgments of conviction, resentencing Kelsey to ten years for the rape and ten years for the aggravated battery, the sentences again to run concurrently. Before resentencing, Judge George heard arguments from defense counsel and prosecution concerning the impossibility of performing the probation term previously imposed by Judge Thomas. The district court, satisfied that the YSC Serious Offenders Program had ended, pronounced the new sentences and entered the amended judgments of conviction and also retained jurisdiction for 120 days pursuant to I.C. § 19–2601 (later extended an additional 60 days). During the retained jurisdiction period, Kelsey was sent to the correctional facility at Cottonwood for therapy and for evaluation to determine whether he was fit for probation.

On June 10, 1987, Judge George reconsidered Kelsey's sentence pursuant to the retained jurisdiction. He reviewed a probation recommendation report on Kelsey from the Cottonwood staff which was mixed. Then Judge George relinquished jurisdiction without changing the sentences. Thus, Kelsey was committed to the Board of Corrections to serve the sentences at the penitentiary.

Kelsey has appealed from both of the amended judgments of conviction for rape and assault, and also from the court's order relinquishing jurisdiction.

1. At the time of this hearing, Judge Thomas had retired.

**314**

■ We agree with Kelsey that the amended judgments of conviction must be set aside. When the district court (Judge Thomas) entered its first judgments of conviction and sentences, the court did not retain jurisdiction pursuant to I.C. § 19–2601. Nor was any appeal taken from either of those two original judgments. Accordingly, they became final, and the district court did not have jurisdiction or authority to later either set them aside or to enter the amended judgments of conviction on September 10, 1986. *See State v. Pedraza,* 101 Idaho 440, 614 P.2d 980 (1980). The difficulty which arose in the administration of the terms of probation imposed with the original judgments of conviction (*i.e.,* the termination of the Serious Offenders Program) did not affect the validity of the original judgments of conviction. Those two convictions remained valid and outstanding.

■ However, the termination of the Serious Offenders Program did affect the order of probation entered by Judge Thomas on the original judgments of conviction. When the Youth Services Center Serious Offenders Program was terminated by the state before Kelsey reached age 21, the predicate for Judge Thomas's original probation order disappeared, through no fault of Kelsey. However, that did not preclude the district court from changing the terms of probation. In *State v. Oyler,* 92 Idaho 43, 436 P.2d 709 (1968), this Court held that "after a judge has granted probation, he retains jurisdiction during the probationary period, and has continuing discretion to modify its conditions." 92 Idaho at 47, 436 P.2d at 713. Since Kelsey could no longer undergo therapy at the Youth Services Center at St. Anthony when the Serious Offenders Program was terminated, the program at Cottonwood apparently was the only similar program which could serve as a substitute. While the district court (Judge George) did not have jurisdiction to enter the amended judgments of conviction on September 10, 1986, it did have authority to modify the terms of the original probation entered by Judge Thomas. Judge George's order retaining jurisdiction and committing Kelsey to the Cottonwood facility for therapy and evaluation to determine whether he was fit for probation was tantamount to such a change.

■ Even if we deem the commitment of Kelsey to the Cottonwood program tantamount to a modification of the terms of Kelsey's original probation, before that probation could be revoked by the district court Kelsey was entitled to a probation violation hearing. Our statutes and cases require that a probationer be given a due process hearing before his probation can be revoked. The Idaho statutes provide that probation may not be revoked absent (1) satisfactory proof of a violation of a probation condition, or (2) "any other cause satisfactory to the court." I.C. §§ 19–2602, 20–222. Throughout probation revocation proceedings, the probationer is entitled to due process. Before probation can be revoked, the court must conduct a hearing. I.C. §§ 19–2603, 20–222. The probationer must be given adequate notice of the grounds for revocation prior to the hearing. *State v. Wolfe,* 99 Idaho 382, 389, 582 P.2d 728, 735 (1978). The probationer is entitled to be present at the hearing and may be entitled to be represented by counsel. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *cf. Schmidt v. State,* 103 Idaho 340, 647 P.2d 796 (Ct.App.1982). Probationer must be afforded the opportunity to present and rebut evidence and to call and cross examine witnesses. *See State v. Moore,* 93 Idaho 14, 17, 454 P.2d 51, 54 (1969); *State v. Edelblute,* 91 Idaho 469, 480, 424 P.2d 739, 746 (1967); *State v. Bingham,* 107 Idaho 501, 502, 690 P.2d.956, 957 (Ct.App.1984). In addition, the state bears the burden of providing satisfactory proof of a violation or "any other cause," though proof beyond a reasonable doubt is not required. *State v. Bingham, supra.*

■ Neither the hearing on August 8, 1986, where the district court considered the prosecuting attorney's motion for a writ of mandate to the Department of Health and Welfare, nor the hearing on June 10, 1987, where Judge George reconsidered Kelsey's sentence, relinquished jurisdiction, and committed Kelsey to the

Board of Corrections, satisfied the requirements of due process necessary for a probation violation hearing.

Accordingly, we conclude that:

1. The amended judgments of conviction are void, and are therefore set aside, and the original judgments of conviction in this matter are reinstated.

2. The order relinquishing jurisdiction entered by Judge George on June 10, 1987, is set aside because the two amended judgments of conviction upon which the order was based have been set aside.

3. The September 10, 1986, order retaining jurisdiction and committing Kelsey to the Cottonwood facility, while not effective for that purpose because it was based upon the amended judgments of conviction which are void, is nevertheless deemed to be a modification of the terms of probation entered by Judge Thomas pursuant to the original judgments of conviction in this matter.

If, upon remand the state seeks to have the district court revoke the original probation granted to Kelsey, as herein deemed amended by the order of the district court dated September 10, 1986, then such revocation proceedings must be based upon the provisions of I.C. §§ 19–2602 and 20–222, at a hearing at which the probationer is afforded the due process required by law.

The case is remanded to the district court for further proceedings not inconsistent with this opinion.

SHEPARD, C.J., BISTLINE, HUNTLEY and JOHNSON, JJ., concur.