903 P.2d 144

127 Idaho 555

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John C. GREENAWALD, Defendant–Appellant.**

**No. 21699.**

Court of Appeals of Idaho.

Sept. 20, 1995.

Anderson Law Offices, Boise, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

This is an appeal from an order revoking probation and executing a suspended sentence which was imposed on John Greenawald upon his conviction for aggravated assault. Greenawald contends that the district court denied him due process at the probation disposition hearing by not giving him a reasonable opportunity to examine the updated presentence investigation (PSI) report with his counsel. We affirm.

On July 30, 1990, the district court sentenced Greenawald to the custody of the Board of Corrections for a term of five years, with a minimum period of confinement of two years. The district court suspended all but 120 days of the sentence and placed Greenawald on five years' probation. Although a report of violation was filed in April 1992, Greenawald's probation was not revoked. As a result of a domestic dispute in March 1994, during which Greenawald also consumed alcohol, a report citing two alleged violations was filed. Greenawald admitted the probation violations at a probation revocation hearing held August 31, 1994.

The district court ordered an updated PSI report to include information from the date of his original sentencing. The disposition hearing was set for September 30, 1994. At the hearing, Greenawald requested a thirty-day continuance to allow him the opportunity to review the PSI report which he claimed his counsel had recently received. The district court initially granted a two-week continuance. Greenawald's wife, who was in the courtroom, requested a protective order if Greenawald was to be released and the disposition hearing delayed because she and her children feared for their safety. The district court thereafter determined that the disposition should proceed as scheduled and denied Greenawald's continuance request. The district court did delay the proceedings until later in the day so the court could dispose of another pending matter. At the conclusion of testimony and following oral argument, the district court revoked Greenawald's probation and ordered him to serve the balance of his five-year sentence, with a two-year minimum period of confinement.

Greenawald appeals from the order revoking probation. He asserts that he suffered a denial of his due process rights in the procedures employed by the district court at the dispositional hearing. Specifically, Greenawald asserts that he was deprived of a reasonable period of time to examine the PSI report. Greenawald claims that because the district court denied his request for a continuance, he was not afforded a full opportunity to explain and rebut adverse evidence contained in the PSI report or to present favorable evidence.

A probationer must be given a due process hearing before probation can be revoked upon satisfactory proof of a violation of a probation condition or "any other cause satisfactory to the court." *State v. Kelsey* 115 Idaho 311, 314, 766 P.2d 781, 784 (1988), *citing* I.C. §§ 19–2602, 20–222. Our Supreme Court explained the due process rights to which a probationer is entitled:

> Before probation can be revoked, the court must conduct a hearing. I.C. §§ 19–2603, 20–222. The probationer must be given adequate notice of the grounds for revocation prior to the hearing. *State v. Wolfe*, 99 Idaho 382, 389, 582 P.2d 728, 735 (1978). The probationer is entitled to be present at the hearing and may be entitled to be represented by counsel. Probationer must be afforded the opportunity to present and rebut evidence and to call and cross examine witnesses.

*Id.* (citations omitted). Additionally, the Idaho Criminal Rules provide for disclosure of

the contents of the PSI report to the defendant prior to any hearing on the sentence. The rules further allow the defendant and his attorney a full opportunity to examine the PSI report so that the defendant may explain and defend adverse matters therein. I.C.R. 32(g)(1). Reasonable requests for a continuance of the sentence proceeding, when based on lack of sufficient time to examine or offer rebuttal to information contained in the PSI, may be granted by the sentencing judge. I.C.R. 32(g)(3).

At the disposition hearing, Greenawald informed the district court that he had not personally received a copy of the PSI report and had briefly talked with his counsel about its contents. Greenawald also indicated that there was pertinent information from Health & Welfare, law enforcement agencies, and others in Ada County that would dispute some of the information contained in the PSI. The disposition hearing was continued while the court took up another matter in order to give Greenawald time to meet with his counsel.

The hearing was resumed later that same day at which time Greenawald offered evidence in mitigation of the probation violations. Greenawald testified that he had pled guilty to the domestic battery charge in exchange for an agreement from the prosecutor not to pursue a probation violation. Because there was a substantial question about whether the former deputy prosecutor had agreed not to file a probation violation as a result of that plea, the district court allowed Greenawald to withdraw his admission to the domestic battery allegation in the probation violation report. Greenawald's employer testified that Greenawald was a dependable employee who had not shown that he might be violent toward others or that he abused alcohol.

As the Idaho Supreme Court has stated:

The decision to grant or deny a continuance rests within the sound discretion of the trial court. *State v. Ransom,* 124 Idaho 703, 706, 864 P.2d 149, 152 (1993); *State v. Rhoades,* 120 Idaho 795, 812, 820 P.2d 665, 682 (1991). This Court has held that where the denial of a motion to continue is attacked on the basis of late disclosure or discovery of evidence, the alleged tardiness of the disclosure must be shown to so prejudice the defendant's case preparation that a fair trial was denied. *State v. Fetterly,* 109 Idaho 766, 770, 710 P.2d 1202, 1206 (1985), *cert. denied,* 479 U.S. 870 [107 S.Ct. 239, 93 L.Ed.2d 164] (1986); *State v. Smoot,* 99 Idaho 855, 858–59, 590 P.2d 1001, 1004–05 (1978). To prove prejudice, a defendant must show there is a reasonable probability that, but for the late disclosure of evidence, the result of the proceedings would have been different. *See, e.g., State v. Spradlin,* 119 Idaho 1030, 1034, 812 P.2d 744, 748 (Ct.App.1991). Further the bare claim that additional investigation could have been conducted is not sufficient to demonstrate unfair prejudice so as to support a motion for a continuance. *Id.*

*State v. Tapia,* 127 Idaho 249, 899 P.2d 959 (1995).

After reconvening, Greenawald's counsel did not raise any other specific objections to the PSI report or point out any alleged inaccuracies therein. Counsel did not renew the motion to continue the disposition hearing to obtain rebuttal evidence which had been alluded to earlier. There was no indication that the time provided Greenawald during the recess was insufficient. In his closing remarks, counsel addressed Greenawald's past criminal record and argued that although Greenawald had been unable to maintain probation in an exemplary fashion for four and one-half years, his recent conduct in violation of his probation did not require the imposition of a five-year sentence.

Under these circumstances, Greenawald has failed to show that prejudice resulted from the presentence report, *Holmes v. State,* 104 Idaho 312, 314, 658 P.2d 983, 985 (Ct.App.1983), or from inadequate time to prepare for the hearing. *Bradford v. State,* 124 Idaho 788, 792–93, 864 P.2d 626, 630–31 (Ct.App.1993). Moreover, relying on Greenawald's testimony about the alleged agreement concerning his plea to the domestic battery charge, the district court expressly stated that it would not consider the domestic battery situation in determining whether to revoke probation and whether to order

Greenawald's original sentence into execution. We conclude, therefore, that Greenawald's dispositional hearing was not tainted by a due process violation. We find no reversible error in the procedures employed by the district court.

We affirm the order of the district court revoking Greenawald's probation and executing the previously suspended sentence.

WALTERS, C.J., and LANSING, J., concur.