84 P.3d 571

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Nicholas Edward DONE, Defendant–Appellant.**

No. 28975.

Court of Appeals of Idaho.

Nov. 10, 2003.

Review Denied Feb. 6, 2004.

Molly J. Huskey, State Appellate Public Defender; Julie Dawn Reading, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Nicholas Edward Done appeals from the order of the district court revoking probation and ordering execution of his original sentence for aggravated battery. We affirm.

## I.

## FACTS AND PROCEDURE

In June 2001, Done pled guilty to aggravated battery. I.C. §§ 18–903, 18–907(a)(b). Thereafter, the district court entered judgment and sentenced Done to an eight-year term of imprisonment, with three years fixed. Done completed a term of retained jurisdiction and was placed on probation.

In April 2002, Done was ordered to serve thirty days in jail for violating the terms of his probation. Three months later, Done was brought before the district court for additional probation violations. Done denied the violations. However, at an evidentiary hearing, Done admitted the violations, including association with a known felon, using methamphetamine, consuming alcohol, and leaving the state without permission. As a result of the probation violations, the district court orally ruled that Done would be allowed to remain on probation with additional terms. Among those terms were that Done remain in jail subject to work release.

After the disposition hearing, Done was taken to jail. Later that same day, Done's case was recalled and he was again brought before the district court with counsel. The district court recalled Done's case based upon new information obtained that day. Shortly after the disposition hearing, Done had threatened to injure an officer and to abscond when he had the chance to do so. Done had also been placed in lockdown for fighting in the jail. Done explained that his comments had been made out of frustration, but denied saying that he would leave the state. Done also denied fighting, explaining that he had been placed under lockdown after he threatened to hit another inmate for making comments about him. After hearing Done's explanation and recommendations from his attorney and the state, the district court determined that the previous probation violations, along with Done's post-hearing behavior, demonstrated that probation was not accomplishing its objective. The district court reconsidered its disposition, revoked probation, and ordered execution of Done's original sentence. On appeal, Done claims that his due process rights were violated when the district court recalled his case and revoked his probation.

## II.

## ANALYSIS

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19–2603, 20–222; *State v. Beckett*, 122 Idaho 324, 326, 834 P.2d 326, 328 (Ct.App.1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct.App.1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App.1988). However, before

probation can be revoked, a probationer must be given a due process hearing. *State v. Greenawald,* 127 Idaho 555, 556, 903 P.2d 144, 145 (Ct.App.1995). Throughout probation revocation proceedings, the probationer is entitled to due process. *State v. Kelsey,* 115 Idaho 311, 314, 766 P.2d 781, 784 (1988). The probationer is entitled to be present at the hearing and may be entitled to counsel. *Greenawald,* 127 Idaho at 556, 903 P.2d at 145. The probationer must be afforded the opportunity to present and rebut evidence and to call and cross-examine witnesses. *Id.* Prior to the hearing, the probationer must be given adequate notice of the grounds for revocation. *Id.* During probation revocation proceedings, two threshold questions are presented—whether the probationer violated the terms of probation and, if so, whether probation should be revoked. *State v. Corder,* 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (Ct.App.1989).

Done initially denied allegations that he violated the conditions of his probation. However, at the evidentiary hearing, Done admitted violating several terms of his probation. Thus, Done's guilt as to the probation violations had been adjudicated. Done agreed to proceed at that time with final disposition, and the district court ordered that Done remain on probation.

Later that same day, Done's case was recalled for reconsideration based upon new information. Counsel for both sides were present. An officer testified that while going down to the jail, Done stated that he would flee the state when he had the chance. The officer also testified that Done threatened to injure him. Additionally, the officer reported that Done was in lockdown for fighting in the jail.

The district court allowed Done to respond. Done explained that his comments to the officer were made out of frustration with the district court's initial disposition requiring Done to return to jail, which was not what Done had expected. Done claimed that he did not say he would flee the state but only that he wanted to return to his home state of Utah. Done denied fighting in jail and testified that he was placed in lockdown because he threatened to punch an inmate who had made comments about him.

Counsel for both sides were given an opportunity to make recommendations for disposition. Done's attorney requested a continuation of probation. The state expressed its concern with Done's probation violations and his disrespect for the law and law enforcement. The state asked the district court to strongly consider revoking probation.

In reconsidering its earlier disposition, the district court noted that upon completion of Done's rider, relinquishment of jurisdiction had been recommended but that the district court took a chance on Done in spite of the district court's concerns about Done. The district court stated:

> If you go to prison, you go to prison not because you said a stupid comment; you go to prison because of what you did way back when that got you the sentence.
>
> The whole focus has been, all along in your case, to try to facilitate some rehabilitation in your case. What concerns me the most about the situation is the attitude that you reflected just now. You reflected it when you spoke at our previous hearing today. And if I can characterize that, it is that nobody else is doing enough to help you here to make your life better. It's somebody else's fault that you are getting into trouble. It's the probation officer that hasn't done enough. It's the jailers in the jail that are not doing what they should. It's somebody else's problem. And, frankly, the bottom line is it's your problem and your attitude that gets you into trouble.
>
> . . . .
>
> And I am really concerned at this point. The negative report from Cottonwood, and now we're having problems on probation. And no one denies and nobody argues that there is a substance abuse problem here; but, frankly, I don't see anything in your attitude that tells me that you're interested in doing a whole lot about it.
>
> . . . .
>
> After reconsidering the matter, I am convinced that we are not going to accom-

plish anything outside of a controlled environment.

Based upon your admissions to the Report of Violation, the court finds that you are in violation of probation and further finds that your actions that violated probation, along with the other attitudes that you have displayed in your prior performance, all indicate that things are of such a serious nature at this point that they warrant revocation of your probation.

Based upon its determination that Done's probation was not achieving the goal of rehabilitation, the district court revoked probation and ordered execution of Done's original sentence.

Done does not challenge the district court's exercise of discretion. Instead, Done argues that the district court violated his due process rights because it revoked his probation without alleging a new probation violation and without providing notice and procedure to establish a probation violation.

Done's case is somewhat analogous to *State v. McGonigal*, 122 Idaho 939, 842 P.2d 275 (1992). In *McGonigal*, the district court had adjudicated the defendant's guilt at trial and disposed of the case by sentencing him to prison. In the afternoon of the same day, the defendant was again brought before the district court to answer allegations that he threatened the judge and an officer immediately after his sentence had been imposed. After hearing the evidence, the district court withdrew its earlier sentence and imposed a more severe sentence. The defendant challenged the district court's jurisdiction to resentence him. The Supreme Court held that the district court had jurisdiction to withdraw its sentence and impose a new one before the defendant was placed in the custody of the Department of Corrections under the original sentence. *McGonigal*, 122 Idaho at 940, 842 P.2d at 276. Like the defendant in *McGonigal*, Done had already properly been found guilty—Done admitted violating the terms of his probation. Similar to the defendant in *McGonigal*, Done immediately demonstrated conduct that caused the district court to reconsider its original disposition. Done was again brought before the district court, where the earlier disposition of

the probation violations was withdrawn and a more severe disposition imposed.

■ Done argues that, under *McGonigal*, the sentence may be changed only before the defendant is remanded to the custody of the Department of Corrections. Done contends that, when the district court revoked his probation, he had already been remanded to the Department of Corrections as of March 2002 when his probation was first imposed. Done cites no authority for this contention. Conversely, this Court has held that unless and until the probation is revoked and a sentence of incarceration is executed, the district court never loses, and the Department of Corrections never acquires, jurisdiction over a probationer. *See State v. Williams*, 126 Idaho 39, 44, 878 P.2d 213, 218 (Ct.App.1994). The mere existence of jurisdiction does not, however, validate the district court's action in this case. The pertinent inquiry is whether the district court's change in its disposition order was procedurally permissible and consistent with due process.

We conclude that, on the unique facts presented here, the district court's revisiting of the disposition order was permissible because the reconsideration occurred in what was, in substance, a continuation of the initial disposition hearing. The reconsideration occurred before a written disposition order was issued and *on the same day* as the original disposition hearing. It was prompted by Done's behavior that occurred immediately following and in reaction to the initial disposition as Done was being removed from the courtroom and returned to the jail. The reconsideration hearing was sufficiently connected to the first hearing as to be considered a continuation of that proceeding convened in order for the district court to consider new information pertinent to the disposition decision.

Contrary to Done's assertions, the state was not required to file new probation violations, mandating notice of the violations and a new admit/deny hearing. Done had already admitted violations of his probation terms, and his misconduct was within the scope of information that the court could properly consider as bearing upon the ulti-

mate decision whether to revoke probation as a consequence of those admitted violations.

At the continuance of the hearing in the afternoon, Done was present and represented by counsel. He was given an opportunity to respond to the new information personally and through counsel. Done has not shown that this procedure deprived him of due process.

### III.

### CONCLUSION

Based on the foregoing, we conclude that Done has failed to demonstrate that his due process rights were violated when the district court recalled his case, reconsidered its disposition, and revoked Done's probation. The order of the district court revoking Done's probation and ordering execution of his original sentence is affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.