171 P.3d 263

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeffrey FLESHMAN, Defendant–Appellant.**

**No. 33244.**

Court of Appeals of Idaho.

July 18, 2007.

Review Denied Oct. 2, 2007.

---

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Thomas Tharp, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Jeffrey Fleshman appeals from the order denying his motion to withdraw his probation violation admissions. For the reasons set forth below, we affirm.

In 2002, Fleshman was charged with, and pled guilty to, felony driving under the influence. The district court imposed a unified sentence of five years, with a minimum period of confinement of four years. The district court suspended the execution of sentence, and Fleshman was placed on probation.

In 2004, Fleshman violated the terms of his probation. The district court revoked probation and retained jurisdiction. Later, the district court again suspended Fleshman's sentence and placed him back on probation. However, two months after being returned to probation, Fleshman committed six new probation violations. Pursuant to an agreement with the state, Fleshman admitted to all probation violations in exchange for the state not pursuing any criminal charges arising from those violations.

Consequently, on December 2, 2004, the district court revoked Fleshman's probation and ordered into execution the original sentence. During the revocation proceedings, the district court incorrectly stated that the original sentence was a unified term of five years, with a minimum period of confinement of one year. The sentence referenced in the district court's written probation violation order was similarly erroneous.

On December 13, 2004, Fleshman filed an I.C.R. 35 motion for reduction of sentence. The district court denied Fleshman's Rule 35 motion. At the same time, the district court entered an I.C.R. 36 order to correct its previous clerical mistake and established that the original sentence had always been a unified sentence of five years, with a minimum period of confinement of four years. Fleshman appealed the denial of his Rule 35 motion. This Court reviewed Fleshman's original sentence and, finding no abuse of discretion, affirmed the order denying his Rule 35 motion in an unpublished opinion. *State v. Fleshman*, Docket No. 31426, 2005 WL 3142720 (Nov. 9, 2005).

On March 7, 2006, some fifteen months after the revocation of probation and execution of sentence, Fleshman filed a motion to withdraw his probation violation admissions on the grounds that he made such admissions based upon the mistaken belief that his sentence had a minimum period of confinement of one year, not four years. In his motion to withdraw, Fleshman analogized his motion to a motion to withdraw a guilty plea. The district court denied Fleshman's motion. Fleshman appeals.

In his motion to withdraw the admission of his probation violations, Fleshman attempted

to analogize his motion to a motion seeking a withdrawal of a guilty plea. Similarly, on appeal, the state argues that the district court lacked jurisdiction to hear Fleshman's motion because a trial court's jurisdiction to consider a withdrawal of guilty plea, and therefore potentially set aside a judgment of conviction, expires once the judgment becomes final. *See State v. Jakoski,* 139 Idaho 352, 354–55, 79 P.3d 711, 713–14 (2003). For the following reasons, we agree that the district court had no jurisdiction to grant Fleshman's motion.

A court's acts of amending or setting aside of a judgment of conviction, and the law by which that can be accomplished, are fundamentally different from a trial court's decisions regarding a defendant's probation. Probation is granted and revoked at the discretion of the trial court, after a judgment of conviction has been issued, and is related to the issue of sentencing, not judgment. *See* I.C. § 19–2601(2); 19–2603, 20–222; *State v. Beckett,* 122 Idaho 324, 326, 834 P.2d 326, 328 (Ct.App.1992). A motion to withdraw a guilty plea, prior to or after sentencing, potentially affects the judgment of conviction. *See State v. Carrasco,* 117 Idaho 295, 298, 787 P.2d 281, 284 (1990). Conversely, admission of a probation violation, and accordingly any motion seeking its withdrawal, has no bearing on the judgment of conviction for the underlying crime, but instead affects only the potential revocation of probation. *See State v. Peterson,* 123 Idaho 49, 50–51, 844 P.2d 31, 32–33 (Ct.App.1992). Furthermore, the right to withdraw a guilty plea after sentencing arises from I.C.R. 33(c). There is no specific rule allowing the sentencing court to consider the withdrawal of an admission of a probation violation after probation has been revoked, and no provision of I.C.R. 33(c) creates an analogous right to withdraw such an admission.

■ In the event that the trial court grants probation, it retains jurisdiction to revoke or modify the terms of probation. I.C. §§ 20–221; 20–222; *State v. Williams,* 126 Idaho 39, 44, 878 P.2d 213, 218 (Ct.App. 1994). If the trial court revokes probation and executes the imposed sentence, however, jurisdiction then transfers to the Board of Correction. *See Williams,* 126 Idaho at 44, 878 P.2d at 218; *see also State v. Done,* 139 Idaho 635, 638, 84 P.3d 571, 574 (Ct.App. 2003). Generally, once the sentence is executed by the physical transfer of the defendant to the custody of the Board of Correction, the trial court possesses no residual jurisdiction to alter the sentence or to reinstate probation, absent a Rule 35 motion. *See Williams,* 126 Idaho at 43–44, 878 P.2d at 217–18; *see also State v. Goodlett,* 139 Idaho 262, 265, 77 P.3d 487, 490 (Ct.App. 2003); *State v. Knutsen,* 138 Idaho 918, 921–22, 71 P.3d 1065, 1068–69 (Ct.App.2003). Only I.C. § 19–2601(4) allows a trial court to retain jurisdiction, for 180 days, after the Board of Correction has physical custody of the defendant, within which time the trial court may suspend further execution of the sentence and grant probation. *See id.* at 44, 878 P.2d at 218. Such is not the factual scenario here.

■ In the instant case, the district court revoked Fleshman's probation and executed his original sentence in 2004. The district court did not retain jurisdiction at that time. More than fifteen months later, Fleshman filed a motion seeking to withdraw his admission to the probation violations, which in essence sought to reverse the district court's order revoking his probation and executing sentence. However, when the district court revoked Fleshman's probation and executed his sentence, jurisdiction was transferred to the Board of Correction. At that point, the district court no longer had jurisdiction to consider Fleshman's motion to withdraw his admissions to the probation violations. Moreover, because Fleshman's motion did not seek to withdraw his original guilty plea in the underlying judgment of conviction, I.C.R. 33(c) is inapplicable.

In short, Fleshman attempted to withdraw his admissions to the probation violations, and reverse the consequent revocation of his probation, long after the district court transferred jurisdiction to the Board of Correction. Accordingly, because the district court did not have jurisdiction to grant Fleshman's motion, we affirm the district court's order

denying Fleshman's motion to withdraw admissions of probation violations.

Judge LANSING and Judge GUTIERREZ, concur.