IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39165

| STATE OF IDAHO, | ) | 2013 Opinion No. 29 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 24, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KIM J. DAY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order revoking probation and requiring execution of unified fourteen-year sentence, with four years determinate, for grand theft, vacated and case remanded.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Kim J. Day pled guilty to grand theft. Idaho Code §§ 18-2403, 18-2407(1)(b). The district court imposed a unified fourteen-year sentence, with four years determinate, but suspended the sentence and placed Day on probation. Subsequently, Day violated his probation by incurring additional convictions for lewd conduct with a minor under sixteen and being a persistent violator. The State filed a report of probation violation. The district court found Day was in violation of his probation, stating the lewd conduct conviction was "binding" on the court, and consequently revoked probation and ordered execution of the underlying sentence. The court noted, however, that it was aware Day was appealing the lewd conduct conviction and that the court would "reconsider" its decision to revoke probation in the event the conviction was overturned on appeal. Day expressed concern that the district court would no longer have jurisdiction to do so after the time for filing an Idaho Criminal Rule 35 motion passed. The

1

district court replied: "I don't really know the answer to that. . . . [I]t may be worthwhile to appeal this . . . ." Day appeals, contending the district court abused its discretion in revoking probation and requiring execution of the underlying sentence without reduction.

Day also challenges the Idaho Supreme Court's order denying in part his motion to augment the record on appeal. While this appeal was pending, Day filed a motion to augment the record on appeal with additional transcripts. The Idaho Supreme Court issued an order granting in part and denying in part Day's motion. Specifically, the Court denied Day's motion as to his request to augment the record on appeal with the transcript of the original sentencing hearing.

Also while this appeal was pending, Day's appeal from his judgment of conviction for lewd conduct with a minor came before this Court. We reversed the conviction on the basis that there existed a fatal variance between the charging document and the jury instructions that amounted to fundamental error. *State v. Day*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2013).

Because it is dispositive, we only address Day's claim that the district court erred in revoking Day's probation. A district court's decision to revoke probation will not be overturned on appeal absent a showing that the court abused its discretion. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Day contends the district court abused its discretion "because that decision was based, in large part, on its erroneous assumption that it would have continuing jurisdiction over Mr. Day, and therefore, the discretion to reinstate Mr. Day's probation in the event Mr. Day's conviction for lewd conduct is overturned on appeal." Day is correct that the district court would not possess residual jurisdiction to alter the sentence or to reinstate probation, absent a Rule 35 motion, which must be filed within fourteen days after the order revoking probation. I.C.R. 35; *State v. Fleshman*, 144 Idaho 772, 774, 171 P.3d 263, 265 (Ct. App. 2007). Thus, the district court abused its discretion in revoking probation on this basis because this reasoning was not consistent with the applicable legal standards.

2

We also note that, even absent an abuse of discretion in this manner, where a conviction forming the basis of a revocation of probation is set aside, it is proper that a case be remanded back to the trial court for redetermination of the status of a defendant's probation in light of the reversal of his conviction. This is so because a court may not revoke probation without a finding that a probationer violated the terms of probation. *State v. Blake*, 133 Idaho 237, 243, 985 P.2d 117, 123 (1999) (remanding for reconsideration of probation revocation where probation had been revoked based on the defendant's recent convictions and a missed meeting with his probation officer, but those recent convictions were set aside by the appellate court).[1] The district court's order revoking probation is vacated and this case is remanded for a new hearing.[2]

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1] We note the fact that Day's underlying conviction was vacated does not mean the district court cannot still revoke probation upon reconsideration of the issue. There is no requirement that a judgment of conviction be a prerequisite to finding a probation violation when the alleged violation is the commission of a crime. *State v. Wilson*, 127 Idaho 506, 510-11, 903 P.2d 95, 99-100 (Ct. App. 1995). A probation violation, unlike a criminal conviction, need not be proven beyond a reasonable doubt. *State v. Dempsey*, 146 Idaho 327, 329, 193 P.3d 874, 876 (Ct. App. 2008). These considerations are especially relevant where, as here, a conviction is vacated due to a procedural irregularity rather than insufficiency of evidence.

[2] Since we vacate the order revoking probation and remand for further proceedings, we need not address Day's contentions that the Supreme Court erred in denying his motion to augment the record and that the sentence imposed upon revocation of probation was excessive.