IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42138

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 355 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: February 17, 2015 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| TIMOTHY LYNN FRIEL, | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order denying motion to withdraw admission to probation violation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Timothy Friel pled guilty to statutory rape. I.C. § 18-6101(1). The district court imposed a unified sentence of eight years, with a minimum period of confinement of two years, and retained jurisdiction. Following successful completion of his rider, the district court suspended the sentence and placed Friel on probation. Friel violated the terms of his probation, but the district court reinstated Friel's probation and extended its term. Friel admitted to violating his probation a second time by not completing required sex offender treatment. The district court revoked probation, ordered the underlying sentence executed, and retained jurisdiction a second time. Friel did not appeal. Following the second period of retained jurisdiction, the district court

1

relinquished jurisdiction.  Friel appealed the order relinquishing jurisdiction, and we affirmed in an unpublished opinion.  *See State v. Friel*, Docket No. 40755 (Ct. App. June 4, 2014).  Almost a year after the district court had relinquished jurisdiction to the state Board of Correction, Friel filed a motion to withdraw his admission to the second probation violation, arguing that the violation was not willful.  The district court denied the motion on the merits.  Friel appeals.

Friel concedes that the district court lacked jurisdiction to rule on the motion to withdraw his admission to the second probation violation.  Nevertheless, he continues to assert that he should be allowed to withdraw his admission to correct an alleged manifest injustice.  In a case that had virtually identical facts, we determined that the district court did not have jurisdiction to rule on a motion to withdraw an admission to a probation violation after probation had been revoked and jurisdiction had been transferred to the Board of Correction.  *See State v. Fleshman*, 144 Idaho 772, 774-75, 171 P.3d 263, 265-66 (Ct. App. 2007).  We noted that a district court's ability to rule on matters regarding a case, aside from appropriate I.C.R. 35 motions, generally ends upon relinquishment of jurisdiction to the Board of Correction.  *Id.*; *see also State v. Taylor*, 142 Idaho 30, 31, 121 P.3d 961, 962 (2005); *State v. Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010).  Here, the district court's jurisdiction to rule on Friel's motion to withdraw his admission to the second probation violation terminated when it relinquished that jurisdiction to the Board of Correction.  Accordingly, Friel's appeal from the order denying his motion to withdraw his admission to the second probation violation is affirmed.