IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42739

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 737 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 1, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRANDON DEAN BARRERA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order denying motion to withdraw admission to probation violation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Brandon Dean Barrera appeals from the district court's order denying Barrera's motion to withdraw his admission to a probation violation. For the reasons set forth below, we affirm.

Barrera pled guilty to possession of a controlled substance pursuant to a plea agreement. The district court withheld judgment and placed Barrera on probation for five years. Barrera admitted to violating a term of his probation. The district court revoked probation, executed the underlying sentence, but retained jurisdiction. Barrera appealed from the district court's revocation of probation, and this Court affirmed in an unpublished opinion, *State v. Barrera*, Docket No. 41629 (Ct. App. Sept. 18, 2014). The district court ultimately relinquished jurisdiction. Barrera filed a motion to withdraw his admission to the probation violation under

1

Idaho Criminal Rule 33(c).[1]  After a hearing, the district court denied Barrera's motion.  Barrera appeals.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

"Mindful" of the controlling authority to the contrary, Barrera argues that the district court abused its discretion when it denied his motion.  He contends that withdrawal of his admission should be allowed because his admission was not entered knowingly, intelligently, and voluntarily, amounting to a manifest injustice.  The district court, citing to this Court's decision in *State v. Fleshman*, 144 Idaho 772, 171 P.3d 263 (Ct. App. 2007), denied Barrera's motion to withdraw his admission to the probation violation because it lacked jurisdiction to grant the relief requested.  In *Fleshman*, we determined that the district court lacked jurisdiction to rule on a motion to withdraw an admission to a probation violation after probation had been revoked and jurisdiction had been transferred to the Board of Correction.  *Id.* at 774-75, 171 P.3d at 265-66.  We noted that a district court's ability to rule on matters regarding a case, aside from appropriate I.C.R. 35 motions, generally ends upon relinquishment of jurisdiction to the Board of Correction.  *Id.*; *see also State v. Taylor*, 142 Idaho 30, 31, 121 P.3d 961, 962 (2005); *State v. Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010).  The facts here are similar to those in *Fleshman*.  Therefore, we hold that the district court did not err in denying Barrera's motion for lack of jurisdiction to grant Barrera's requested relief.  Accordingly, the district court's order denying Barrera's motion to withdraw his admission to the probation violation is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1]  Idaho Criminal Rule 33(c) does not create a right to withdraw a probation violation admission.  *State v. Fleshman*, 144 Idaho 772, 774, 171 P.3d 263, 265 (Ct. App. 2007).