**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43182**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 551** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 26, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **VICTOR RENE ARVIZU,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order revoking probation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Victor Rene Arvizu appeals from the district court's order revoking his probation. Specifically, Arvizu contends the district court abused its discretion in revoking his probation because his probation violation was not willful. He further contends that even if his probation violation was willful, it did not warrant revocation. Additionally, Arvizu argues the district court violated his due process and equal protection guarantees when it revoked his probation. For the reasons explained below, we affirm the district court's order.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Arvizu pled guilty to two felony counts of battery on certain personnel. The district court placed Arvizu on probation for five years with an underlying unified sentence of five years, with one year determinate. According to the terms and conditions of probation, Arvizu was ordered

1

to "complete any training or counseling program established by the probation officer" and to "take all medications as prescribed."[1]  The State alleged Arvizu violated these terms when he failed to complete a mental health evaluation as instructed by his supervising officer and failed to stay on prescribed medications.

The district court held an evidentiary hearing for the alleged probation violation. Arvizu's supervising probation officer testified that he instructed Arvizu to obtain a mental health assessment from the U.S. Department of Veterans Affairs ("VA").  The officer further testified that when he asked Arvizu if he understood it was lawful for the officer to instruct Arvizu to obtain the mental health evaluation, Arvizu stated that he understood.  The officer then testified that Arvizu did not obtain a mental health evaluation.  According to the officer's testimony, Arvizu visited the VA for the evaluation but when Arvizu told the VA that his probation officer made him go, the VA refused to administer the evaluation.  Arvizu, in response, contested the legality of the officer's instruction to obtain a mental health evaluation. Specifically, Arvizu argued that because his probation officer had a recent mental health evaluation from Arvizu, there was no need for an additional evaluation.

At the conclusion of the evidentiary hearing, the district court determined that the recent nature of the former evaluation did not make the probation officer's instruction to obtain an additional evaluation inappropriate or unlawful.  Thus, the district court found that based on substantial evidence, Arvizu violated his probation conditions by failing to complete a mental health evaluation as lawfully instructed by his probation officer.[2]  Arvizu denied having a mental health condition during the disposition hearing.  The district court found that because Arvizu did not believe he had any mental health conditions, and because Arvizu "effectively blocked" a mental health evaluation "by going there and telling the VA that [he was] there against [his] will," it could not conclude that Arvizu did not "present a risk to the community present."  The district court therefore revoked Arvizu's probation and imposed a sentence of five years, with one year determinate.  In its order revoking probation, the district court indicated, "[t]he Court

---

[1]     This Court acknowledges that the probation order likely included other conditions, but the probation order was not included in the record.

[2]     However, the district court did not find sufficient evidence for the State's allegation that Arvizu violated probation by not taking prescribed medications.

2

finds that the defendant willfully and knowingly violated the terms of his probation." Arvizu timely appeals from the district court's order revoking his probation.

## II.

## ANALYSIS

Arvizu contends the district court abused its discretion by revoking his probation. He specifically argues his probation violation was not willful, and therefore the district court lacked authority to revoke his probation. Moreover, he maintains that even if his violation were willful, it did not warrant revocation.

Idaho Code § 20-222(2) provides that "the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court . . . may revoke the probation and suspension of sentence and cause the sentence imposed to be executed . . . ." Further, Idaho Criminal Rule 33(f) provides:

> The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. The court shall not revoke probation unless there is an admission by the defendant or a finding by the court, following a hearing, that the defendant willfully violated a condition of probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222(2); *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).

If a court has determined that the defendant violated his probation, it must then determine whether to revoke or continue probation. *State v. Sanchez*, 149 Idaho 102, 105, 233 P.3d 33, 36 (2009). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho 558, 758 P.2d at 717. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the

3

boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Before probation can be revoked, a probationer must be given a due process hearing. *State v. Greenawald*, 127 Idaho 555, 556, 903 P.2d 144, 145 (Ct. App. 1995). Throughout probation revocation proceedings, the probationer is entitled to due process. *State v. Kelsey*, 115 Idaho 311, 314, 766 P.2d 781, 784 (1988). The probationer is entitled to be present at the hearing and may be entitled to counsel. *Greenawald*, 127 Idaho at 556, 903 P.2d at 145. The probationer must be afforded the opportunity to present and rebut evidence and to call and cross-examine witnesses. *Id.* Prior to the hearing, the probationer must be given adequate notice of the grounds for revocation. *Id.* During probation revocation proceedings, two threshold questions are presented--whether the probationer violated the terms of probation and, if so, whether probation should be revoked. *State v. Done*, 139 Idaho 635, 637, 84 P.3d 571, 573 (Ct. App. 2003). The State bears the burden of proving satisfactory proof of a violation or "any other cause," though proof beyond a reasonable doubt is not required. *Kelsey*, 115 Idaho at 314, 766 P.2d at 784 (quoting I.C. § 19-2602).

In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Here, Arvizu argues his probation violation was not willful because he was not responsible or at fault for being denied a mental health evaluation. During the disposition hearing, however, the district court noted that Arvizu prevented the mental health evaluation from occurring by telling the VA he was there against his will and he was being instructed, by his probation officer, to participate in the evaluation. The probation officer testified that when he asked Arvizu if he understood it was lawful for the officer to instruct Arvizu to obtain the mental health evaluation, Arvizu stated that he understood, but he still failed to obtain a mental health evaluation by his willful decision to inform the VA that he was only there under his probation officer's instruction. While the VA's refusal to perform a mental health evaluation was beyond Arvizu's control, it was Arvizu's willful conduct and statements to the VA that prevented the

4

mental health evaluation in the first place. Arvizu's statements and conduct toward the VA were certainly within his own control. Based on the testimony and evidence, the district court found that Arvizu "didn't want to do [the mental health evaluation], and so it didn't happen." The credibility of witnesses, the weight to be given to testimony, and the inferences to be drawn from the evidence are matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). Therefore, the district court did not abuse its discretion in finding that Arvizu's probation violation was willful.

Arvizu next contends the district court abused its discretion in revoking his probation because his probation violation did not warrant revocation. In making its determination whether to revoke or continue probation, the district court noted that Arvizu's refusal to accept his mental health problem "makes it very difficult to figure out how to manage the problem, and when the problem is profound enough to cause real questions about whether you can safely rejoin the community, it makes the situation very difficult." The district court further expressed concern that if Arvizu were placed back on probation, he would not receive necessary treatment, risking the safety of both the community and Arvizu. Thus, in ultimately deciding to revoke Arvizu's probation, the district court examined whether probation achieved the goal of rehabilitation and whether continuing probation would be consistent with protection of society. The district court therefore did not abuse its discretion in revoking Arvizu's probation upon its finding that Arvizu willfully violated his probation.

Lastly, Arvizu maintains the district court violated his equal protection and due process rights under the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause of the Fourteenth Amendment is designed to assure that those persons similarly situated with respect to governmental action are treated alike. *State v. Missamore*, 119 Idaho 27, 33, 803 P.2d 528, 534 (1990); *State v. Hayes*, 108 Idaho 556, 560, 700 P.2d 959, 963 (Ct. App. 1985). The Fourteenth Amendment also ensures that the State shall not deprive any person of life, liberty, or property without due process of the law.

Specifically, Arvizu contends the district court only revoked his probation because he was diagnosed with a mental health condition. Arvizu argues the district court considered his mental health diagnosis when determining whether to revoke probation. He raises these constitutional arguments for the first time on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126

5

(1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Turning to the first *Perry* prong, Arvizu contends the district court violated his due process and equal protection rights by revoking probation because of his mental illness. This Court has previously held that within the probation revocation context, we generally analyze the fairness of relations between the criminal defendant and the State under the Due Process Clause, while we approach the question whether the State denied one class of defendants a substantial benefit available to another class of defendants under the Equal Protection Clause. *State v. Braaten*, 144 Idaho 606, 608-09, 167 P.3d 357, 359-60 (Ct. App. 2007). If it appears the district court treated the defendant differently than it would have treated a person who was not mentally ill, we examine the nature of the defendant's individual interest and how it was affected by the probation revocation, the rationality of the connection between the government's purpose and the means used to achieve that purpose, and the existence of alternative means for effectuating that purpose. *Id.* at 609, 167 P.3d at 360.

We agree with Arvizu insofar as the district court would not have revoked Arvizu's probation had Arvizu not been mentally ill. However, his mental illness was not the direct cause of his probation revocation. Rather, Arvizu's failure to address and treat his mental illness, which violated his probation terms, directly caused the probation revocation. Had Arvizu not violated his probation terms, the district court would not have revoked probation. For instance, in *Braaten*, the defendant alleged the district court violated his right to equal protection or due process when it considered his indigence in determining whether probation would be a viable option. *Id.* at 606, 167 P.3d at 357. In rejecting his arguments, we held that the defendant "was

6

denied probation not because of his lack of resources per se, but because of the effect of that lack of resources on the likelihood that he could be adequately supervised and the community protected if he were placed on probation." *Id.* at 610, 167 P.3d at 361. Here too, Arvizu was not denied continued probation because of his mental illness per se, but because of his refusal to acknowledge and treat his mental illness, which the district court found to endanger both Arvizu and the community. Moreover, any individual who violates his probation terms is subject to probation revocation under I.C. § 19-2603, I.C. § 20-222(2), and I.C.R. 33(f). This applies both to mentally ill individuals who violate probation and individuals who are not mentally ill who violate probation.

Assuming the district court treated Arvizu differently because he was mentally ill, and not because he merely violated probation, we acknowledge that Arvizu has a significant interest in remaining on probation and not being imprisoned. However, the State has a strong legitimate interest and purpose in protecting society from criminals, especially criminals with mental health conditions who deny the existence of such conditions and refuse to seek medical help. Arvizu's mental health conditions are exacerbated by his denial of his conditions and, as the district court noted, such a denial threatens the safety of Arvizu and his community. The means used to protect the State's interest--probation revocation--is rational and directly related to that interest because Arvizu demonstrated his inability to comply with his probation terms, and the district court was concerned for the safety of both the community and Arvizu. Lastly, the alternative means for effectuating the State's interest in protecting society from criminals--allowing Arvizu to remain on probation--has already failed. Arvizu did not comply with the terms of his probation and adamantly denied he had a mental health condition. Thus, after balancing these factors, we hold the district court did not violate Arvizu's constitutional rights to due process and equal protection. Because Arvizu cannot establish the first *Perry* prong, his fundamental error analysis fails. We affirm the district court's order revoking Arvizu's probation.

### III.

### CONCLUSION

The district court did not abuse its discretion in revoking Arvizu's probation because Arvizu willfully violated probation by not complying with his probation officer's instruction to obtain a mental health evaluation. Moreover, the district court did not abuse its discretion in determining that Arvizu's willful probation violation warranted revocation due to safety

7

concerns. Finally, Arvizu did not establish fundamental error in regard to his constitutional arguments. Therefore, we affirm the district court's order revoking Arvizu's probation.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.